SOUTH PORTO RICO SUGAR COMPANY, PETITIONER, *v.* SEPÚLVEDA, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the Judge of the District Court of Ponce.

No. 249.—Decided April 29, 1919.

REMOVAL OF CAUSE—JURISDICTION.—When a case may be lawfully removed from a district court to the District Court of the United States for Porto Rico, the removal is effected and the district court loses its jurisdiction upon the filing of a motion for removal in due time accompanied by a sufficient security bond. Accordingly, an order of the district court which, based on subdivision 8 of section 7 of the Code of Civil Procedure, sets aside the removal previously made, is null and void.

The facts are stated in the opinion.

*Mr. O. B. Frazer* for the petitioner.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On January 27, 1919, Jorge Sepúlveda, a resident of Ponce, brought suit in the District Court of Ponce against the South Porto Rico Sugar Company, a corporation duly organized under the laws of New Jersey and authorized to do business in the Island of Porto Rico, to recover the sum

of $4,900 as an indemnity for alleged damages caused by the defendant to the plaintiff.

On the 14th of the following month the South Porto Rico Sugar Company petitioned the District Court of Ponce for the removal of the case to the United States District Court for Porto Rico and tendered a security bond signed by the petitioner and two sureties.

After a hearing on the said petition the judge of the District Court of Ponce entered an order on February 15 granting the removal and approving the bond given as good and sufficient for the purpose.

On February 27 plaintiff Jorge Sepúlveda moved that the complaint be amended by reducing the amount therein claimed to $2,900, alleging that by an involuntary clerical error committed by the stenographer in transcribing the complaint from his notes the sum claimed was made to appear as $4,900 when it should have been only $2,900. On the same date he filed another motion asking that the order for the removal be reconsidered and set aside and that the case remain in the court of Ponce, on the ground that the sum sued for was $2,900 and not $4,900 as had been stated in the complaint.

The court of Ponce, by an order of February 28, 1919, set aside its order for removal of February 15th, canceling the bond given therefor and ordering that the case remain before the court as if the order of removal had not been entered. The defendant corporation, on March 13, 1919, moved that the record be transmitted to the United States District Court for Porto Rico within the time prescribed by law, for the reason that the court had no jurisdiction of the case after it had signed the order for removal to the federal court, and the court, by an order of March 13, 1919, overruled the motion on the ground that according to subdivision 8 of section 7 of the Code of Civil Procedure the court has power to amend and control its processes and orders so as to make them conformable to the law and justice.

In consequence of the proceedings recited counsel for the South Porto Rico Sugar Company petitioned this court on March 19, 1919, for a writ of certiorari addressed to the judge of the District Court of Ponce, Hon. Domingo Sepúlveda, for the purpose of reviewing the said proceedings, praying that the order permitting the filing of the amended complaint, the order reconsidering and setting aside the order for removal and all proceedings had before the court of Ponce after the signing of the order for the removal of the case to·the federal court of February 15, 1919, be reversed and set aside.

The writ of certiorari was issued and on March 31, 1919, the case was heard, only the petitioner appearing.

The only question of law to be considered is whether the judge of the Distrist Court of Ponce had jurisdiction to proceed further in the case after he had ordered its removal to the United States District Court for Porto Rico on February 15, 1919.

It is unquestionable that the action as originally brought, claiming a sum in excess of $3,000, was removable to the United States District Court for Porto Rico,. and that the defendant seasonably filed the necessary papers for such removal.

In the case of *Crehore* v. *O. & M. Railway Co.,* 131 U. S. 243, the Supreme Court of the United States said:

"The effect of filing the required petition and bond in a removable case is, as said in *Railroad Co.* v. *Mississippi,* 102 U. S. 135, 141, that the state court is thereafter 'without jurisdiction' to proceed further in the suit; or, in *Railroad Co.* v. *Koontz,* 104 U. S. 5, 14, its rightful jurisdiction comes to 'an end'; or, in *Steamship Co.* v. *Tugman,* 106 U. S. 118, 122, 'upon the filing, therefore, of the petition and the bond—the suit being removable under the statute—the jurisdiction of the state court absolutely ceased, and that of the Circuit Court of the United States immediately attached.'"

In a later case, *Madisonville Traction Co.* v. *St. Bernard Mining Co.,* 196 U. S. 239, 244, the same court said:

"If a case be a removable one, that is, if the suit, in its nature, be one of which the Circuit Court could rightfully take jurisdiction, then upon the filing of a petition for removal in due time, with a sufficient bond, the case is, in law, removed, and the state court in which it is pending will lose jurisdiction to proceed further, and all subsequent proceedings in that court *will be void.*"

In accordance with that doctrine the District Court of Ponce was without jurisdiction to proceed further after the petition for removal had been filed in due time and form, and with much more reason after the court itself had granted the removal, thus acknowledging that the case was removable and that all the formalities necessary for the removal had been complied with. It therefore had no jurisdiction to allow an amendment to the complaint reducing its amount to $2,900 or to set aside for that reason the former order of removal when the United States District Court for Porto Rico already had acquired jurisdiction of the case.

And subdivision 8 of section 7 of the Code of Civil Procedure, providing that every court has power to amend and control its processes and orders so as to make them conformable to law and justice, is not applicable, for in order that such power may be exercised it is necessary that the court have jurisdiction of the case, and the District Court of Ponce had already lost its jurisditcion of the case under consideration.

For the same reason it cannot be held that the order of removal was appealable and that the plaintiff could amend his complaint and move for reconsideration of the order of removal before appealing.

For the foregoing reasons the certiorari proceeding is sustained and the order entered by the judge of the District Court of Ponce on February 28, 1919, and all subsequent proceedings are set aside.

*Petition granted.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.