SOUTH PORTO RICO SUGAR CO., PETICIONARIA, *v.* SEPÚLVEDA, JUEZ DE DISTRITO, DEMANDADO.

Solicitud para que se expida un mandamiento de *certiorari* al Juez de la Corte de Distrito de Ponce.

No. 249.—Resuelto en abril 29, 1919.

TRASLADO DEL PLEITO DE LA CORTE DE DISTRITO A LA CORTE DE DISTRITO DE LOS ESTADOS UNIDOS PARA PUERTO RICO—JURISDICCIÓN—INCISO 8, ARTÍCULO 7 DEL CÓDIGO DE ENJUICIAMIENTO CIVIL.—Cuando un caso puede ser legalmente trasladado de una corte de distrito a la Corte de Distrito de los Estados Unidos para Puerto Rico, al radicarse una moción de traslado en tiempo oportuno, acompañada de fianza suficiente, el caso queda trasladado, perdiendo la corte de distrito su jurisdicción para seguir conociendo del mismo. De acuerdo con esta doctrina es nula una orden de la corte de distrito que, fundándose en la facultad que concede a las cortes el número 8 del artículo 7 del Código de Enjuiciamiento Civil, deja sin efecto el traslado previamente concedido.

Los hechos están expresados en la opinión:

Abogado del peticionario: *Sr. O. B. Frazer.*

El demandado no compareció.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

En 27 de enero de 1919 Jorge Sepúlveda, vecino de Ponce, radicó una demanda en la Corte de Distrito de Ponce contra la South Porto Rico Sugar Company, corporación debidamente organizada bajo las leyes del Estado de New Jersey con autorización para negociar en la Isla de Puerto Rico, reclamando la suma de $4,900 en concepto de indemnización de daños y perjuicios causados al demandante por la demandada.

En 14 de febrero siguiente la South Porto Rico Sugar Company hizo petición a la Corte de Distrito de Ponce, para que el caso fuera trasladado a la Corte de Distrito de los Estados Unidos para Puerto Rico, acompañando al efecto una fianza firmada por la peticionaria y dos fiadores.

Después de oir la petición referida el Juez de la Corte de Distrito de Ponce dictó una orden en 15 de febrero citado disponiendo la traslación solicitada y aprobando la fianza prestada como buena y bastante al fin pretendido.

En 27 de febrero el demandante Jorge Sepúlveda radicó moción para que se tuviera por enmendada la demanda rebajando a $2,900 la cantidad que en ella reclamaba, alegando que por un error involuntario de máquina cometido por el oficinista al traducirla de la copia taquigráfica se consignó que la cantidad reclamada era de $4,900 cuando esa suma era de $2,900 solamente, y además en la misma fecha presentó otra moción de reconsideración para que se dejara sin efecto la orden de traslado y se permitiera la continuación del pleito en la corte de Ponce por el fundamento de que la suma reclamada era de $2,900 y no de $4,900 según se había consignado en la demanda.

La corte de Ponce por orden de 28 de febrero de 1919 dejó sin efecto la orden de traslado de 15 de febrero, cancelando la fianza prestada para el traslado y ordenando que el caso quedara ante la corte como si no se hubiera dictado

la orden de traslado., La corporación demandada, en moción de 13 de marzo de 1919, solicitó que los autos fueran remitidos a la Corte de Distrito de los Estados Unidos para Puerto Rico dentro del término marcado por la ley, por el fundamento de que la corte no tenía jurisdicción en el caso después de haber firmado la orden de traslado a la Corte Federal, y la corte por ·orden de la misma fecha, 13 de marzo de 1919, declaró sin lugar la moción por entender que de acuerdo con el número 8 del artículo 7 del Código de Enjuiciamiento Civil la corte tiene poder para inspeccionar y corregir sus providencias y órdenes para ajustarlas a la ley y a la justicia.

Los procedimientos relacionados han dado lugar a que la representación de South Porto Rico Sugar Company acudiera a esta Corte Suprema en 19 de marzo de 1919 en solicitud de auto de *certiorari* contra el Juez de la Corte de Distrito de Ponce, Hon. Domingo Sepúlveda, con el fin de que fueran revisados dichos procedimientos y se declare nula y sin efecto alguno la orden por la que se permitió la radicación de la demanda enmendada y se reconsideró y revocó la orden de traslado, revocando además y declarando nulo todo procedimiento seguido por la corte de Ponce después de firmada la orden de traslado del pleito a la Corte Federal, de 15 de febrero de 1919.

El auto de *certiorari* fué expedido y la vista del recurso tuvo lugar con la asistencia única de la peticionaria en 31 de marzo próximo pasado.

La única cuestión legal a discutir y resolver es si el Juez de la Corte de Distrito de Ponce tenía o no jurisdicción para seguir actuando en el caso después de haber dispuesto su traslado a la Corte de Distrito de los Estados Unidos para Puerto Rico por orden de 15 de febrero de 1919.

No hay cuestión alguna acerca de que atendidos los términos de la primitiva demanda cuya cuantía excedía de $3,000 el caso era susceptible de traslado a la Corte de Distrito de los Estados Unidos para Puerto Rico y de que la demandada

presentó en debido tiempo los documentos necesarios para el traslado ordenado.

En el caso de *Crehore* v. *Ohio Railway Co.*, 131 U. S. 243, la Corte Suprema de los Estados Unidos dijo:

"El efecto de radicar la solicitud y fianza exigidas en un caso que puede ser trasladado es como se dijo en el caso de *Railroad Company* v. *Mississippi*, 102 U. S. 135, 141, que la corte de estado quedará desde entonces sin jurisdicción para seguir conociendo del pleito; o en el de *Railroad Company* v. *Koontz*, 104 U. S. 5, 14, que su jurisdicción legal termina; o en el de *Steamship Co.* v. *Tugman*, 106 U. S. 118, 122, que 'al ser radicada la petición y fianza, siendo el caso removible de acuerdo con el estatuto, la jurisdicción de la corte de estado cesó en absoluto, y la de la Corte de Circuito de los Estados. Unidos comenzó inmediatamente.' "

En otro caso posterior, *Traction Company* v. *Mining Co.*, 196 U. S. 244, la misma corte dijo:

"Si un caso pudiese ser trasladado, esto es, si el pleito por su naturaleza es uno del cual la Corte de Circuito podía legalmente tener jurisdicción, entonces al radicarse una solicitud de traslado en tiempo oportuno acompañada de fianza suficiente, el caso de acuerdo con la ley queda trasladado perdiendo su jurisdicción la corte de estado en que dicho caso está pendiente, para seguir conociendo del asunto, y todos los procedimientos subsiguientes en esa corte *serán nulos.*"

Con arreglo a la doctrina expuesta la Corte de Distrito de Ponce carecía de jurisdicción para seguir actuando desde que le fué presentada en debida forma la moción de traslado y con mayor motivo después que dicha corte accedió al traslado reconociendo así que el caso era removible y se habían llenado todas las formalidades necesarias para el traslado. Careció, por tanto, de jurisdicción para admitir una enmienda a la demanda rebajando su cuantía a $2,900 y dejando por ese fundamento sin efecto el traslado ordenado cuando ya la Corte de Distrito de los Estados Unidos para Puerto Rico había adquirido jurisdicción sobre el caso.

Y no es aplicable el número 8 del artículo 7 del Código

de Enjuiciamiento Civil preceptivo de que toda corte tiene poder para inspeccionar y corregir sus providencias y órdenes con el fin de ajustarlas a la ley y a la justicia, pues para el ejercicio de tal facultad es requisito indispensable que la corte tenga jurisdicción sobre el caso, y la Corte de Distrito de Ponce ya había perdido su jurisdicción para conocer de la reclamación de que se trata.

Por el mismo fundamento tampoco puede sostenerse que la orden de traslado era susceptible de apelación .y que el demandante pudo enmendar la demanda y solicitar la reconsideración de la orden de traslado antes de interponer dicho recurso.

Por las razones expuestas, procede declarar con lugar el presente recurso de *certiorari,* anular la orden que dictó el Juez de la Corte de Distrito de Ponce en 28 de febrero de 1919, y nulos también los procedimientos subsiguientes.

> *Declarado con lugar el recurso de certiorari*
> *y anulada la orden que dejó sin efecto el*
> *traslado anteriormente concedido.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.