## CREHORE *v.* OHIO AND MISSISSIPPI RAILWAY COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KENTUCKY.

No. 272. Decided May 13, 1889.

A fatal defect in the allegation of diverse citizenship in a petition for the removal of a cause from a state court for that reason, cannot be corrected in the Circuit Court of the United States.

THIS was a case commenced in a state court and removed thence on the ground of diverse citizenship of the parties.

The case was reached on the calendar on the 24th April, 1889. After argument was commenced, the court, for reasons which are stated in the opinion below, did not desire to hear further argument and ordered it remanded to the Circuit Court, with directions to remand it to the state court. In the interim between the close of hearing arguments on the 26th April, and the close of the term on the 13th May, a petition on behalf of the defendant in error was filed praying that the mandate might be modified by omitting the direction to remand the cause to the state court, in order that the defect might be corrected in the Circuit Court.

*Mr. Lawrence Maxwell, Jr.*, for the motion.

I concede that the judgment should be reversed. But the further question is whether, if this court were simply to reverse the judgment and remand the case to the Circuit Court, it would be competent for the defendant to take steps there, or in the state court, to correct and amend its former defective proceedings for removal, so as to make the record conform to the fact, and to secure the removal of which it was really entitled. I submit that the answer to this question is clear upon principle, and furthermore that the question is determined in our favor by repeated decisions of this court. *Parker* v. *Overman*, 18 How. 137; *Grace* v. *American Central Ins. Co.*, 109 U. S. 278; *Thayer* v. *Life Association*, 112 U. S. 717.

In view of these decisions, the statement attributed to Mr. Justice Miller, in the report of *Cameron* v. *Hodges*, 127 U. S. 322, that no precedent was known which would authorize an amendment to be made in the Circuit Court, by which grounds of jurisdiction might be made to appear, which were not presented to the state court on the motion for removal, would seem to be inadvertent. The point really decided in *Cameron* v. *Hodges* is however not open to dispute, for it is clear that the record in the Circuit Court cannot be cured, as was there attempted, by affidavits filed in this court.

It is not just that the defendant should lose the benefit of a jurisdiction to which it was entitled under the law, because

of the mere inadvertent omission of its counsel, to which attention was never directed, and which was overlooked, not only by all of the parties and counsel, but by the court itself, and discovered by no one until long after the cause had come into this court.

In *Stevens* v. *Nichols*, 130 U. S. 230, there was no application in this court to have the cause remanded for further proceedings in the Circuit Court, nor any showing that the citizenship of the parties was in fact such at the commencement of the action, as to have warranted the removal. The point now raised in this case was therefore not presented or passed upon, and the circumstance that the judgment of reversal directed that the case should be remanded to the state court, cannot be regarded as an adjudication of the point presented now, much less as an overruling of the long line of decisions in this court, to which I have called attention.

*Mr. John Mason Brown* opposing.

MR. JUSTICE HARLAN delivered the opinion of the court.

This action was brought by the plaintiff in error, who was the plaintiff below, in the Louisville (Kentucky) Law and Equity Court, against the Ohio and Mississippi Railway Company, to recover damages for personal injuries alleged to have been sustained by him, while a passenger upon the road of that company, by reason of the wilful neglect of those by whom it was operated. The company, on the 24th of November, 1884, filed its petition, accompanied by bond in proper form, for the removal of the case, upon the ground of the diverse citizenship of the parties, into the Circuit Court of the United States for the District of Kentucky. Thereupon an order was made by the state court that it would proceed no further. The case was docketed and tried in the Circuit Court of the United States, and resulted in a verdict for the defendant, followed by a judgment dismissing the plaintiff's petition. From that judgment the plaintiff prosecuted a writ of error.

At the argument in this court at the present term, attention

was called to the fact that the record did not sufficiently show the citizenship of the parties at the commencement of the action, as well as at the time of the application for removal. *Stevens* v. *Nichols,* 130 U. S. 230. Upon this ground an order was entered reversing the judgment of the Circuit Court, and remanding the cause, with directions that it be sent back to the state court. The case is again before us upon a motion in behalf of the railway company, that the judgment of reversal be so framed as to omit therefrom an absolute direction to the Circuit Court to remand the cause to the state court, to the end that the defendant may take steps for the correction and amendment of the petition for removal, and of the record and proceedings in that behalf.

It is conceded that the record does not show affirmatively the citizenship of the parties at the commencement of the action in the state court, and that the judgment, for that reason, must be reversed.

Upon the filing by either party, or by any one or more of the plaintiffs or defendants, "*entitled* to remove any suit," mentioned in the first or second sections of the act of March 3, 1875, 18 Stat. 470, of the petition and bond required by its third section, "it shall *then* be the duty of the state court to accept said petition and bond, and proceed no further in such suit." The effect of filing the required petition and bond in a removable case is, as said in *Railroad Co.* v. *Mississippi,* 102 U. S. 135, 141, that the state court is thereafter "without jurisdiction" to proceed further in the suit; or in *Railroad Co.* v. *Koontz,* 104 U. S. 5, 14, its rightful jurisdiction comes to "an end;" or, in *Steamship Co.* v. *Tugman,* 106 U. S. 118, 122, "upon the filing, therefore, of the petition and the bond — the suit being removable under the statute — the jurisdiction of the state court absolutely ceased, and that of the Circuit Court of the United States immediately attached." It has, also, been repeatedly held, particularly in *Stone* v. *South Carolina,* 117 U. S. 430, 432, following substantially *Railroad Co.* v. *Koontz,* that, "a state court is not bound to surrender its jurisdiction of the suit on a petition for removal until a case has been made which on its face shows that the petitioner has

a right to the transfer;" and that, "the mere filing of a petition for the removal of a suit, which is not removable, does not work a transfer. To accomplish this the suit must be one that may be removed, and the petition must show a right in the petitioner to demand the removal. This being made to appear on the record, and the necessary security having been given, the power of the state court in the case ends, and that of the Circuit Court begins." These decisions were in line with *Insurance Co.* v. *Pechner,* 95 U. S. 183, 185, arising under the judiciary act of 1789, in which it was held that a "petition for removal when filed becomes a part of the record in the cause;" that the party seeking the removal should state " facts which, taken in connection with such as already appear, entitle him to transfer;" and that, "if he fails in this, he has not, in law, shown to the court that it cannot 'proceed further with the cause.'"

It thus appears that a case is not, in law, removed from the state court, upon the ground that it involves a controversy between citizens of different States, unless, at the time the application for removal is made, the record, upon its face, shows it to be one that is removable. We say, upon its face, because "the state court is only at liberty to inquire whether, on the face of the record, a case has been made which requires it to proceed no further;" and "all issues of fact made upon the petition for removal must be tried in the Circuit Court." *Stone* v. *South Carolina,* 117 U. S. 430, 432; *Carson* v. *Hyatt,* 118 U. S. 279, 287. If the case be not removed, the jurisdiction of the state court remains unaffected, and, under the act of Congress, the jurisdiction of the Federal court could not attach until it becomes the duty of the state court to proceed no further. No such duty arises unless a case is made by the record that entitles the party to a removal.

All this is made entirely clear by the express requirement of the act of 1875, that the Circuit Court shall remand " to the court from which it was removed " any cause brought from that court, whenever it appears that it is not one of which the Federal court can properly take cognizance. *Cameron* v. *Hodges,* 127 U. S. 322, 326. If a suit entered upon the docket of a

Circuit Court as removed upon the ground of the diverse citizenship of the parties, was never, in law, removed from the state court, no amendment of the record made in the former could affect the jurisdiction of the latter or put the case rightfully on the docket of the Circuit Court as of the date when it was there docketed; for the only mode provided in the act of Congress by which the jurisdiction of the state court of a controversy between citizens of different States can be divested is by presenting a petition and bond in *that* court showing, in connection with the record, a case that is removable. The present motion, in effect, is that such amendment of the record may be made in the Circuit Court, as will show that this case *might* have been removed from the state court, not that, in law, it has ever been so removed.

This question was before us at the present term in *Stevens* v. *Nichols*, above cited, which was brought in a state court, and tried in a Circuit Court of the United States as one involving a controversy between citizens of different States, and, therefore, removable from the state court. But as the record did not show that it was a removable case, the judgment was reversed, with directions to send the case back to the state court. It is proper to say that the question was there fully considered, although it was not deemed necessary to state the reasons for the conclusion then reached. The present motion, bringing that question distinctly before us, seemed to require that the reasons for our conclusion be stated with fulness, especially because inadvertent language in some previous cases is interpreted as announcing different views from those now expressed.

*The motion to modify the order of reversal heretofore made is denied.*