### HEALY v. McCORMICK et al.

(Circuit Court, S. D. New York. October 14, 1907.)

1. REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP—CITIZENSHIP IN PORTO RICO.

An action against defendants, some of whom are citizens of Porto Rico, is not removable on the ground of diversity of citizenship.

[Ed. Note.—Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. SAME—PETITION FOR REMOVAL—AMENDMENT.

Where a petition for removal as filed in the state court shows that the cause was not removable, it cannot be amended to show a different state of facts in the federal court.

On Motion to Remand to State Court.

George W. Ellis, for the motion.

Leo Levy, opposed.

WARD, Circuit Judge. This is a motion to remand a case removed from the Supreme Court of the state of New York into this court.

The petition addressed to the state court avers:

"That at the time of the commencement of this action by the service of the summons and complaint herein which was on July 18, 1907, the defendants William McCormick and Henry McCormick were citizens of the island of Porto Rico residing at Arroyo, Porto Rico, and that they still are citizens and residents of the island of Porto Rico. At the time of the commencement of this action by the service of the summons and complaint herein, which was on July 18, 1907, the defendant and petitioner, John Charles McCormick, was a citizen of the British Empire and a subject of His Majesty, King Edward, and a resident of the island of Porto Rico, and still is, a foreign citizen, to wit, a citizen of the British Empire and a subject of His Majesty, King Edward, and a resident of Arroyo in the island of Porto Rico."

This court would not have original jurisdiction of the action on the ground of citizenship, because two of the parties are not citizens of any

state. The petitioner asks leave to amend his petition by stating that his codefendants are not citizens and residents of Porto Rico but are British citizens. This cannot be done. Whether the cause was removable depends solely upon the papers filed in the state court (Crehore v. Ohio & Mississippi Ry. Co., 131 U. S. 240, 9 Sup. Ct. 692, 33 L. Ed. 144), and as they show that the cause was improperly removed, the motion to remand is granted.