HERCULES POWDER CO. *et al. v.* NIX.*

(Division B.   Oct. 25, 1926.)

[109 So. 862.   No. 25813.]

1.  REMOVAL OF CAUSES.

Trial court, on petition for removal, under Federal Judicial Code, section 29 (U. S. Comp. St., section 1011), cannot inquire into truth of petition, and, when petition and bond are sufficient on their face, must grant removal.

2.  COURTS.

Where there is conflict of jurisdiction between state and Federal court, Federal question arises, in which United States supreme court is court of last resort.

3.  REMOVAL OF CAUSES.

Allegation in petition for removal, under Federal Judicial Code, section 29 (U. S. Comp. St., section 1011), that defendant was nonresident, *held* not a conclusion from facts, and petition need not set out evidence on which citizenship depended.

*Corpus Juris-Cyc References: Federal Courts, 25CJ, p. 939, n. 57; p. 944, n. 88 New.   Removal of Causes, 34Cyc, p. 1283, n. 35, 39.

144 Miss.—8.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Action by Walter Nix against the Hercules Powder Company and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

*Hannah & Simrall, T. J. Wills* and *H. Cassedy Holden*, for appellants.

The defendants filed a petition and bond to remove the case to the Federal court, alleging that the Hercules Powder Company was a Delaware corporation and that Brown was a citizen of Illinois. The plaintiff filed an answer to this petition denying the citizenship of C. H. Brown and alleging that he was a citizen of Mississippi. The circuit court held that it had a right to inquire into this question of citizenship and proceeded to hear testimony on the question and adjudged that Brown was a citizen of Mississippi and that, therefore, the circuit court of Forrest county had jurisdiction of the case.

The action of the circuit court in holding that it had jurisdiction of this matter is the most grievous error complained of. That the circuit court was without jurisdiction to try this case is so plain and certain that we are reluctant to go into an elaborate discussion of the question.

The petition shows that the suit was for more than three thousand dollars, exclusive of interest and cost; that the plaintiff was a citizen of the state of Mississippi and that the defendants were residents of other states. If these facts were true, it was certainly a removable cause. Section 29, Judicial Code; *Stone* v. *South Carolina*, 117 U. S. 430, 29 L. Ed. 962, 6 Sup. Ct. Rep. 799, expressly held that: "All issues of fact made upon the petition for removal must be tried in the circuit court" —now the Federal district court. This same doctrine has been announced time and again by the United States supreme court. See *Crehore* v. *Ohio & Miss. Ry. Co.,*

131 U. S. 240, 33 L. Ed. 144; *Ill. Cent. R. R. Co.* v. *Shegog,*
215 U. S. 308, 54 L. Ed. 208; *C. R. I. & P. R. R. Co.* v.
*Dowell,* 229 U. S. 101, 57 L. Ed. 1090; *Chesapeake & Ohio
R. R. Co.* v. *Cockrell,* 232 U. S. 146, 58 L. Ed. 544; *Wilson*
v. *Republic Iron & Steel Co.,* 257 U. S. 92, 66 L. Ed. 144.

The holding of the United States supreme court since
the case of *Stone* v. *South Carolina,* has been clear, posi-
tive, unequivocal and consistent on the proposition that
when a petition for removal is filed containing a state-
ment of facts that shows a removable cause, the state
court is without jurisdiction to proceed further, and that
all issues of fact must be heard and determined by the
district court. It necessarily follows that the circuit court
of Forrest county was absolutely divested of jurisdiction
to try and determine this cause, that the judgment ren-
dered by said court is utterly void and, consequently,
this case must be reversed and dismissed by this court
for want of jurisdiction.

*Anderson & Anderson* and *John R. Tally,* for appellee.

The appellant filed in the court below a petition and
bond to remove the case to the Federal court, alleging
that the Hercules Powder Company was a Delaware cor-
poration—that fact was charged in the declaration—and
that C. H. Brown was a citizen of Illinois and not a resi-
dent of the state of Mississippi.

The appellee filed a reply to said affidavit and petition,
under oath, setting up the fact that the said C. H. Brown
was a resident of Forrest county, Mississippi, that he
was a married man, a householder and freeholder in
the city of Hattiesburg, Forrest county, and had been
for a period of two years or more, that he married in
said city and county, had a child born here, that he had
not been out of the county for a period of two years, and
that his attempt to claim that he was not a resident of
Forrest county and his objection to being sued here was
a palpable fraud, and that the filing of said affidavit was

a deliberate attempt to perpetrate a fraud upon the circuit court of Forrest county.

The circuit judge then heard the evidence of the sheriff and C. H. Brown, appellant, as to whether he was residing in Forrest county or not; and this evidence disclosed such a palpable attempt to perpetrate a fraud on the jurisdiction of the circuit court of Forrest county that the court overruled the motion to remove.

Counsel for appellants did not object to a single question nor a single answer that was given in the testimony on this point; but on the contrary, cross-examined the witnesses and developed their side of the issue; and, we think, waived any rights that they might have had when they failed to object to the questions and answers.

We contend that it is the duty of every court to protect itself from deliberate fraud and not to permit any litigant to perpetrate a fraud upon the court in order to give jurisdiction of a matter to another court or to rob that court of jurisdiction.

Section 8, Constitution of Mississippi, provides: "All persons, resident in this state, citizens of the United States, are hereby declared citizens of the state of Mississippi."

The said C. H. Brown had been residing in Forrest county, Mississippi, for at least two years, with his wife and children, maintaining a home and was, therefore, at least a householder and resident, and he knew it, the court knew it and the attorneys knew it; and it would have been a palpable fraud upon the circuit judge to permit him to stick down an affidavit, as he did, and walk out of the courtroom and out of the jurisdiction of the court.

*Stone* v. *State of South Carolina,* 117 U. S. 430, 29 L. Ed. 962, plainly states: "The petition for removal should state facts which when taken in connection with such as already appear entitle him to the transfer. If he fails in this, he has not, in law, shown to the court that it cannot proceed further with the suit."

Simkins on Federal Practice, p. 1071, par. 2, states: "The rule is certain that on the filing of the petition and bond in the state court for removal, *in a removable case,* no further action can be taken by the state court, except to remove, as it is divested of jurisdiction over the case," and cites a number of authorities, but we call especial attention to the words in italics in said authority in *a removable case.* We submit that the whole record in this case shows that this case was not removable.

*W. W. Crehore* v. *Ohio & Miss. Valley Ry.,* 131 U. S. 240, 33 L. Ed. 144, cited by counsel for appellants, clearly states at p. 145 of the opinion: "A state court is not bound to surrender its jurisdiction of the suit on a petition for removal until a case has been made which on its face shows that the petitioner has a right to the transfer; and that the mere filing of a petition for the removal of a suit, *which is not removable,* does not work a transfer."

We understand that the United States supreme court follows to some extent the same wholesome rule that this court has adopted in Rule 11; that is, that where the whole record shows there has not been a miscarriage of justice, that court will not reverse for a purely technical reason.

*Hannah & Simrall, T. J. Wills* and *H. Cassedy Holden,* in reply for appellants.

The real facts are that the appellants strenuously objected to the introduction of this testimony and the question was argued at length before the trial judge and a wealth of authorities cited. The record itself solmenly records that the court proceeded to hear this testimony over the objection of the appellants.

We join opposing counsel in fervently hoping and longing for the day when the courts can find a way to protect themselves against chicanery, fraud and perjury. But the fallacy in the argument of opposing counsel lies

in the fact that they want to protect only the state court; seemingly they forget that the United States Government is equally zealous in protecting its tribunals from being defrauded of their jurisdiction.

If the appellant, C. H. Brown, was a citizen of the state of Illinois, the Federal court had jurisdiction of this case. We do not understand that opposing counsel would take issue with this statement. Then if appellee averred that Brown was a citizen of Mississippi, this would be perpetrating a fraud on the Federal court. The United States Government has been zealous to prevent this being done. But while it has been zealous in this respect, it has been more liberal with the appellee, plaintiff, than it has with the appellants, defendants. It has permitted the appellee to bring the defendants into the state court on an unsworn statement. When the defendants want to challenge this jurisdiction, they are required to do so by a sworn petition.

The counter-affidavit of the appellee did not allege that Brown was a householder and freeholder of Forrest county, and the testimony did not show this; but, on the contrary, showed the opposite.

Counsel quote from Simkins Federal Practice, p. 1071, on the right of the state court after a petition has been filed for removal in a *removable case.* They say: "We submit that the *whole record* in this case shows that this case was not removable." We answer that the removability of this case is not to be determined by the whole record. It was determinable by the record at the time the petition for removal was filed.

Counsel quote section 8, Constitution of Mississippi, to show that C. H. Brown was a citizen of the state. The principal answer which we make to this argument is that the citizenship of C. H. Brown was not an issue that the circuit court of Forrest county had a right to decide. This court is likewise without jurisdiction to pass on it. And again, we submit that the Constitution of Mississippi

cannot convert a citizen of Illinois into a citizen of Mississippi without the consent of the person affected.

The case of *Crehore* v. *Ohio & Miss. Valley Ry. Co.*, 131 U. S. 240, 33 L. Ed. 144, cited in our brief in chief and referred to in opposing counsel's brief, collects and quotes from many United States supreme court cases on the question of the right of the state court to proceed in a case after a sufficient petition and bond have been filed. In the case at bar the state court has expressly adjudicated the sufficiency of the petition and bond.

In our brief in chief we cited and quoted from many United States supreme court cases to show that the state court was without jurisdiction to inquire into the issues of fact raised by the petition and also without jurisdiction to proceed to try this case. Opposing counsel have not cited a single authority to the contrary. We do not perceive from reading their brief that they take issue with the law as announced in the cases cited in our brief.

Argued orally by *T. C. Hannah* and *H. C. Holden,* for appellant, and *Jno. R. Tally,* for appellee.

ANDERSON, J., delivered the opinion of the court.

The appellee, Walter Nix, brought this action in the circuit court of Forrest county against appellants Hercules Powder Company, a Delaware corporation, and C. H. Brown, for damages for a personal injury suffered by appellee through the alleged negligence of appellants. The suit was for twenty thousand dollars, and judgment was recovered for ten thousand dollars, from which appellants prosecute this appeal.

Before the expiration of the time within which, under the laws of this state, appellants were required to plead to appellee's declaration, appellants filed a petition and bond to remove the cause to the Federal court. The petition and bond were regular in form and substance; the former being properly verified. The petition alleged that

at the time of the commencement of the suit, and at the time of the filing of the petition, appellee was a citizen and resident of the state of Mississippi; that appellant the Hercules Powder Company was at the time of the commencement of the suit, as well as at the filing of the petition, a citizen of and a corporation existing under and by virtue of the laws of the state of Delaware, a resident of said state, and a nonresident of the state of Mississippi; and that appellant C. H. Brown was at the time of the commencement of this suit a citizen and resident of the state of Illinois and a nonresident of the state of Mississippi.

The trial court adjudged the petition and bond sufficient on their face, but, over the objection of appellants, permitted appellee to take issue on the petition. Thereupon appellee filed an answer to the petition, denying that appellant C. H. Brown was a resident citizen of the state of Illinois, and averring that he was a resident citizen of the state of Mississippi; and, over appellants' objection, the trial court heard evidence on the issue of fact made by the petition and answer. On the trial of the issue, appellee introduced evidence, but appellants introduced none. This evidence was heard and considered by the court over the appellants' objection. The court found that appellant C. H. Brown was not a citizen nor a resident of the state of Illinois, but was a resident citizen of the state of Mississippi, and entered an order so adjudging and declining to remove the cause into the Federal court. Thereupon a trial was had resulting in a verdict and judgment for appellee.

Appellants' position is that the state court had no authority, under the law, to go beyond the face of the petition for removal, and that, the petition being sufficient on its face, there was nothing for the state court to do, except to enter an order removing the cause into the Federal court; while the position of the appellee is, and as shown the state court took that view, that the state court had the right to inquire into the truth of the allegations of the petition.

Section 29 of the Federal Judicial Code (U. S. Comp. St., section 1011), after providing for a petition and bond for the removal of causes from state courts to the Federal courts, provides:

"It shall then be the duty of the state court to accept said petition and bond, and proceed no further in such suit."

Whatever confusion, if any, existed in the decisions of the supreme court of the United States on this question was cleared up beginning with the case of *Stone* v. *South Carolina,* 117 U. S. 430, 29 L. Ed. 962, 6 S. Ct. 799, and the decisions of that court subsequent to that case. It was held in the Stone case:

That "all issues of fact made upon the petition for removal must be tried in the circuit court" (now district court).

It was held in *Burlington, C. R. & N. R. Co.* v. *Dunn,* 122 U. S. 513, 7 S. Ct. 1262, 30 L. Ed. 1159, that all issues of fact made upon the petition for removal must be tried by the Federal court. It was held in *Crehore* v. *Ohio & Mississippi Railway Co.,* 131 U. S. 240, 9 S. Ct. 692, 33 L. Ed. 144:

That " 'the state court is only at liberty to inquire whether, on the face of the record, a case has been made which requires it to proceed no further;' and 'all issues of fact made upon the petition for removal must be tried in the circuit court.' " (now district court).

In the case of *Illinois Central Railroad Co.* v. *Sheegog,* 215 U. S. 308, 30 S. Ct. 101, 54 L. Ed. 208, the court said:

"It is equally well settled, and is a result of the principle just stated, that, where the right of removal arises because of certain facts averred in the petition, that issue cannot be tried in the state court, but must be heard in the Federal court, which alone has jurisdiction to determine such issues of fact."

In the case of *Chicago, R. I. & P. R. Co.* v. *Dowell,* 229 U. S. 102, 33 S. Ct. 684, 57 L. Ed. 1090, in discussing this question, the court said:

"Allegations of fact, if controverted, arising upon such a petition, are triable only in the court to which it is sought to be removed."

In *Chesapeake & O. R. Co.* v. *Cockrell,* 232 U. S. 146, 34 S. Ct. 278, 58 L. Ed. 544, the court said:

"Issues of fact arising upon a petition for removal are to be determined in the Federal court, and that the state court, for the purpose of determining for itself whether it will surrender jurisdiction, must accept as true the allegations of fact in such petition."

In the case of *Wilson* v. *Republic Iron & Steel Co.,* 257 U. S. 92, 42 S. Ct. 35, 66 L. Ed. 144, the court said:

"The petition must be verified [section 29, Judicial Code] and its statements must be taken by the state court as true. . . . If a removal is effected, the plaintiff may, by a motion to remand, plea, or answer, take issue with the statements in the petition. If he does, the issues so arising must be heard and determined by the district court."

The reason of the rule declared by the supreme court was stated by Judge WAITE in the Dunn case, in this language:

"The theory on which it rests is that the record closes, so far as the question of removal is concerned, when the petition for removal is filed and the necessary security furnished. It presents then to the state court a pure question of law, and that is whether, admitting the facts stated in the petition for removal to be true, it appears on the face of the record, which includes the petition and the pleadings and proceedings down to that time, that the petitioner is entitled to a removal of the suit. That question the state court has the right to decide for itself; and if it errs in keeping the case, and the highest court of the state affirms its decision, this court has jurisdiction to correct the error, considering, for that purpose, only the part of the record which ends with the petition for removal. *Stone* v. *South Carolina,* 117 U. S. 430 [6 S. Ct. 799, 29 L. Ed. 962], *supra,* and cases there cited.

"But even though the state court should refuse to stop proceedings, the petitioning party may enter a copy of the record of that court as it stood on the filing of his petition, in the circuit court, and have the suit docketed there. If the circuit court errs in taking jurisdiction, the other side may bring the decision here for review, after final judgment or decree, if the value of the matter in dispute is sufficient in amount. [*Baltimore & O.*] *R. Co.* v. *Koontz,* 104 U. S. 5, 15 [26 L. Ed. 643, 646.] In that case, the same as in the writ of error to the state court, the question will be decided on the face of the part of the record of the state court which ends with the petition for removal, for the circuit court can no more take a case until its jurisdiction is shown by the record than the state court can be required to let it go until the record shows that its jurisdiction has been lost. The questions in the two courts will be identical, and will depend on the same record, namely, that in the state court ending with the petition for removal. The record remaining in the state court will be the original; that in the circuit court an exact copy.

"But, inasmuch as the petitioning party has the right to enter the suit in the circuit court, notwithstanding the state court declines to stop proceedings, it is easy to see that, if both courts can try the issues of fact which may be made on the petition for removal, the records from the two courts brought here for review will not necessarily always be the same. The testimony produced before one court may be entirely different from that in the other, and the decisions of both courts may be right upon the facts as presented to them respectively. Such a state of things should be avoided if possible, and this can only be done by making one court the exclusive judge of the facts. Upon that question there ought not to be a divided jurisdiction. It must rest with one court alone, and that, in our opinion, is more properly the circuit court. The case can be docketed in that court on the first day of the next term, and the issue tried at once. If decided against the removal, the question is now, by the

Act of March 3, 1887, chapter 373, 24 Stat. at L. 552, put at rest, and the jurisdiction of the state court established in the appropriate way. Under the Act of March 3, 1875, chapter 137, 18 Stat. 470, such an order could have been brought here for review by appeal or writ of error, and to expedite such hearings our rule 32 was adopted.''

Where there is a conflict of jurisdiction between a state court and a Federal court, a Federal question arises, for the settlement of which the supreme court of the United States is the court of last resort. The reason that is true is that as between state and Federal authority the latter is supreme and must prevail over the former. This is one of the fundamentals of our dual system of government.

Appellee contends, however, that the petition for removal was insufficient on its face on the ground that the mere allegation in the petition that appellant Brown was a resident citizen of the state of Illinois, and a nonresident of the state of Mississippi, was not an allegation of fact, but a conclusion from facts not stated that should have been stated; that the petition should have set out the facts going to show that appellant Brown was a resident citizen of the state of Illinois, and a nonresident of the state of Mississippi. We disagree with appellee in his contention. It is not necessary for the petition to set out the evidence upon which the citizenship of appellant Brown depended. The allegation that he was a resident citizen of the state of Illinois was an allegation of fact. It is true it was a mixed question of law and fact; nevertheless, it was an allegation of fact sufficient to put appellee on notice of what he had to meet in the application for removal.

It follows from these views that the trial court was in error in refusing to remove this cause into the Federal court.

Therefore the case is reversed and remanded to the state court to await the action of the Federal court on the application of appellants to remove.

*Reversed and remanded.*