LEE, Justice,
for the Court:
Diamond Cab of Biloxi, Inc. [Diamond Cab] applied to the Biloxi Taxicab Administration Board [Board] for operators’ licenses (certificates of public convenience and necessity) to operate ten (10) additional taxicabs in the City of Biloxi. The application was contested by Yellow Cab Company of Biloxi, Inc. [Yellow Cab] and C & E Transportation of Biloxi, Inc. [C & E]. On the hearing, the Board recommended, and the Biloxi City Council [Council] granted, the licenses, and, upon the appeal of Yellow Cab and C & E to the Circuit Court of Harrison County, the order of the Council was affirmed.
Yellow Cab and C & E have appealed to this Court assigning three errors in the trial below. The assignments of error actually present three questions: (1) whether or not there was substantial evidence to support the finding of the Board and Council, (2) whether or not a previous order denying the application of appellee, Diamond Cab, for licenses was res judicata of the present cause, and (3) whether or not the amended ordinance under which the licenses were granted was valid and effective at the time of the grant.
I. - II.
The proof before the Board, as reflected by a special bill of exceptions, consisted of testimony by Virgil Lucky and Robert Travis, owners of Diamond Cab, to the effect that there was a need for additional taxicabs and that Diamond Cab was solvent and in a position to operate efficiently. Also, there were introduced, as exhibits, a number of letters from various individuals, in- *1276 eluding three (3) motels/hotels, that there was a need for the additional taxicabs.
The contestants introduced letters from a number of individuals and testimony of five (5) persons connected with transportation facilities in the area, including owners of Yellow Cab, that there was no need for additional taxicabs and that licenses, which had been granted, had not been utilized by Yellow Cab and other companies due to a lack of business.
The appellant contends that on February 10, 1978, the Circuit Court of Harrison County reversed an order of the same Board and Council granting licenses to Diamond Cab. Thereafter, on March 6, 1978, pursuant to recommendation of the Board, the Council adopted an amended ordinance, decreasing the requirements for licenses from six (6) to three (3), which the Board had to consider before granting licenses.
Appellants argue that res judicata applies when four (4) identities are present: (1) object sued for, (2) cause of action, (3) identity of parties, and (4) quality of character in the person against whom suit is brought, which were stated in Magee v. Griffin, 345 So.2d 1027 (Miss.1977). The appellee takes the position that the cause of action is not the same, or that there is no identity of cause of action, since the ordinance under which the first application for licenses was denied, when amended, changed the requirements for licenses, thus changing the cause of action.
In view of our conclusion on the third question raised by the assignments of error, it is not necessary for us to decide the questions of whether there was substantial evidence to support the action of the Council in granting the licenses and whether the previous action of the Circuit Court in reversing the Council and denying the licenses is res judicata of the second proceeding.
III.
Appellant contends that the ordinance adopted March 6, 1978, under which the present ten licenses were granted, is invalid for the reasons that (a) the ordinance was adopted as an emergency ordinance, and was declared by its terms to be immediately effective, when the statute [Mississippi Code Annotated Section 21-13-3 (1972)] requires that such an ordinance be filed for two (2) weeks with the city clerk before it become effective; (b) the statute [Mississippi Code Annotated Section 21-13-11 (1972)] provides that an ordinance shall not be effective until the expiration of thirty (30) days after its enactment unless it is for the immediate preservation of the public peace, health and safety, or other good cause, and that the present ordinance, as amended, did not so indicate; (c) the statute requires that the ordinance be adopted by unanimous vote of all members of the governing body, whereas, the present ordinance was adopted by two (2) city councilmen, the mayor being absent; and (d) the application for the licenses was filed within a period of thirty (30) days after adoption of the amended ordinance, during which period such ordinance had not become effective, and the licenses were void, having been granted while such ordinance was not in effect.
Section 21-13-3 provides that every ordinance granting any right to use the streets of a municipality for any purpose shall be introduced in writing at a regular meeting of the governing body and shall thereafter remain on file with the municipal clerk for two (2) weeks before passage. The record reflects, and it is undisputed, that such was not done in the adoption of the subject ordinance.
Section 21-13-11 (1972) provides that no ordinance shall be in force until one month after its passage, with the exception that, if the ordinance is for the immediate and temporary preservation of the public peace, health and safety, or other good cause, it may be made immediately effective. The ordinance must be adopted by unanimous vote of all members of the governing body and must contain the statement setting forth why it is necessary, or what the good cause is, for the ordinance to become immediately effective.
*1277 The ordinance in the present case concluded with the language of the statute, as follows:
“This ordinance being for the purpose of the preservation and protection of the public health, safety and general welfare of the citizens of the City of Biloxi, the same shall be in force and take effect from and after its passage, nevertheless to be published as required by law.”
The general statement does not specify, or indicate, how the immediate preservation of the public peace, health and safety of the citizens of Biloxi requires the ordinance to be immediately effective, and no other good cause is set forth. The statute was not complied with in this respect to render it effective. Streckfus Steamers, Inc. v. Kiersky, Assessor, 174 Miss. 125, 163 So. 830 (1936).
The Council contends that the question of the validity of the ordinance was not raised before the Board and Council, and that it should not be considered by this Court. The bill of exceptions indicates that briefs were submitted to the Board. Those briefs are not a part of the bill of exceptions and it is not indicated what questions were presented by them to the Board and Council. Even though a bill of exceptions is defective, if the judgment is erroneous on its face, it will be reversed [Commercial Bank of Manchester v. Coroner of Yazoo County, 7 Miss. 530 (1842)], and plain error, not assigned or distinctly specified, may be noticed by this Court [Rule 6, Miss.Sup.Ct.Rules].
We hold that the amended ordinance, although it may have become valid thirty (30) days after its enactment, was ineffective at the time of the applications by appellee, Diamond Cab. for the ten licenses, and at the time same were approved and granted, and that the licenses issued under said ordinance were, and are, á nullity. Therefore, the judgment of the Circuit Court is reversed and judgment is entered here for appellants.
REVERSED AND RENDERED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.