375 So.2d 228 (1979)
CITY OF CARTHAGE, Mississippi
v.
William C. WALTERS.
No. 51500.
Supreme Court of Mississippi.
September 26, 1979.
Smith & McLemore, James G. McLemore, Jr., Carthage, for appellant.
*229 Morris C. Phillips, Jr., A.R. Wright, Jr., Carthage, for appellee.
Before PATTERSON, SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
This is an appeal by the City of Carthage, Mississippi, from a decision of the Chancery County of Leake County, Mississippi, denying the relief requested in the amended bill for injunction filed by the City against the appellee, William C. Walters. The bill brought by the City against Walters, requested that Walters be permanently enjoined from operating his small motor repair business in an area designated an R-1 Single-Family residential district by the zoning ordinance heretofore adopted by the City.
On March 16, 1971, the Mayor and Board of Aldermen of the City adopted a comprehensive zoning ordinance. Among other things, the ordinance divided the city into zoning districts, the one involved in this litigation was designated and entitled as "R-1 Single-Family Residential District." The ordinance further adopted by reference a map upon which the boundaries of such districts were shown and provided the rules for interpretation of such district boundaries. However, the ordinance was not published until December 15, 1977.
Walters, the appellee herein, testified that he moved in February 1972, after the adoption of the zoning ordinance, to a residence at 1220 West Main Street, and also moved his business there.
The City asserted in its bill that Walters' property was "located in an area designated by the Zoning Ordinance as an R-1 Single-Family Residential District, as set forth and defined by Article IV, Section 2 of said Zoning Ordinance, and which also set forth the uses permitted of property, building and structures." The City claims that Walters is operating a motor repair business on the aforesaid property which is not a use permitted by the ordinances in an R-1 Single-Family residential district.
The cause was heard and taken under advisement by the court and on August 10, 1978, an opinion was rendered wherein the trial court made three basic findings, which are as follows:
First, the trial court found that the ordinance did not become effective until its publication on December 15, 1977, making the defendant's use of the premises at the time the ordinance became effective a preexisting non-conforming use under the ordinance and not prohibited thereby.
Secondly, the trial court found that the map was not adopted as a part of the zoning ordinance.
Thirdly, the trial court found that the map itself was deficient in that it failed to accurately define and describe the boundaries of the zoning districts and the lands embraced therein.
The opinion of the trial court was embodied in a final decree which dismissed the City's amended bill, denying it the injunctive relief prayed for.
It is from this final decree that the City now prosecutes its appeal.

I.
The City of Carthage first argues that the lower court erred in finding that the zoning ordinance did not become effective until its publication on December 15, 1977.
The trial court concluded that the ordinance did not become effective until its publication, basing its decision on Mississippi Code Annotated section 21-13-11 (1972), which, in part, provides:
Every ordinance passed by the governing body of a municipality, except as is otherwise provided by law, shall be certified by a municipal clerk, signed by the mayor or a majority of all the members of the governing body, recorded in the ordinance book, and published at least one time in some newspaper published in such municipality, or, if there be no such newspaper, then by posting a copy of same at three or more public places within the corporate limits of such municipality *230 for one week; all of same shall be done before such ordinance shall be effective. (Emphasis added).
The provision of the statute which requires that an ordinance be published,[1] before it becomes effective, if there is a newspaper in the municipality, is clear and unambiguous and the chancellor was eminently correct in so holding.
The City contends, however, that since the zoning ordinance contained the following provision, the ordinance became effective immediately upon the passage and approval.
It being immediately necessary for the preservation of the public peace, health and safety, an emergency is hereby declared to exist, by reason whereof these regulations shall take effect and be in full force from and after its passage and approval.
In support of its contention, the City cites that portion of Mississippi Code Annotated section 21-13-11 (1972) which provides:
No ordinance shall be in force for one month after its passage; however, any ordinance for the immediate and temporary preservation of the public peace, health or safety, or for other good cause, which is adopted by unanimous vote of all members of the governing body, may be made effective from and after its passage by a unanimous vote of all members of the governing body. However, in such cases such ordinance shall contain a statement of reason why it is necessary that same become immediately effective. All such ordinances shall be published and recorded in the ordinance book in the same manner as other ordinances, but shall become effective immediately upon the adoption thereof, and prior to being so recorded and published. Nothing in this section shall apply to ordinances appropriating money for the payment of the current expenses of the municipality or the payment of sums due on any contract previously made.
Where ordinances contain a statement of reasons within the contemplation of section 21-13-11 why it is necessary that the same will become immediately effective, they will be upheld. However, the ordinance in the case sub judice simply concluded with the language of the statute and failed to state facts constituting the emergency which they declared to exist. The general statement did not specify or indicate how the immediate preservation of the public peace, health and safety of the citizens of Carthage required the ordinance to be immediately effective, and no other good cause is set forth. The statute was not complied with in this respect to render it effective. See Yellow Cab Co. of Biloxi v. City of Biloxi, 372 So.2d 1274 (Miss. 1979).

II.
Did the trial court err in finding that the official zoning map was deficient in that it failed to accurately define and describe the boundaries of the zoning districts and the lands embraced therein? We think not.
The trial court in its opinion set forth seven defects which existed on the official zoning map. The appellant maintains that the appellee failed to put on testimony by an engineer, measurer, surveyor, or topographer that the map was vague and indefinite. This argument is without merit. The official zoning map speaks for itself. The chancellor having examined the map made the express finding that the only source for descriptions of the districts was from the map itself which was incorporated in the ordinance by reference and that there was simply no way to tell from the map what precise lands were embraced within the various use districts.
We quote from 101 C.J.S. Zoning § 25 (1958), which unequivocally states:
A zoning ordinance or regulation should be clear and specific, and definite and certain; and where such a regulation is vague and indefinite it may be held invalid.
*231 We are unable to say with reasonable certainty that the findings by the chancellor in this regard were manifestly wrong and against the overwhelming weight of the evidence. Richardson v. Riley, 355 So.2d 667 (Miss. 1978).
In view of the above holding, it is not necessary that we consider whether the map was properly adopted as a part of the zoning ordinance.
Without addressing the question on this appeal, it should at least be noted that there is considerable doubt as to the validity of the entire zoning ordinance as it now stands. The zoning ordinance was adopted on March 16, 1971, and the ordinance was not published until December 15, 1977, a little more than six years having passed since its adoption.
The decree of the lower court dismissing the bill of complaint for injunctive relief is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] is not claimed that notice was given by posting copies for a week as provided by the statute.