THE STATE, on the relation of CORDEVIOLLE & LACROIX, *v.* JUDGE OF
THE FIFTH DISTRICT COURT.

An agreement by the parties to submit the report of experts and the whole matter in controversy,
without argument to the court, does not deprive either party of their right of appeal from any
judgment that may be rendered against them.

ON an application for a *mandamus* to the Judge of the Fifth District Court
of New Orleans.  *Collens & Wooldridge*, for relator.

BUCHANAN, J.  The relators complain that the defendant refuses them an appeal from a judgment in a civil case where the amount in dispute was ten thousand dollars.  The defendant, in his answer, acknowledges the correctness of the facts stated in the petition of relators, but contends that the case was submitted to him as an amicable compounder, and consequently that there is no right of appeal.

The submission upon the minutes of the District Court was in the following words :

" When after hearing pleadings, evidence and counsel, the parties agreed in open court to submit the whole matter without argument, the court to pass upon the report and amend the same, without referring it back to experts, and upon the law and the evidence to give such judgment on said opposition as in its opinion may be just."

There is nothing in the terms of this submission which withdraws it from the general rule, and deprives any party to the suit of his right of appeal.  Indeed, we doubt whether the doctrine in relation to *amicable compounders* in matters of arbitration, can be applied to a Judge of a District Court.  No precedent to that effect has been brought to our notice.  Arbitrators constitute an exceptional tribunal created by the parties themselves, and to whom the law permits the parties to delegate a final and unappealable jurisdiction, (when there is no fraud or misconduct,) under the name of *amicable compounders*.  But the District Judges are a part of the judicial organization created by the Legislature under Article 61 of the State Constitution ; and their judgments fall within that provision of Article 62 of the same instrument, which declares that the appellate jurisdiction of the Supreme Court extends to *all* cases where the matter in dispute exceeds three hundred dollars.

It is, therefore, adjudged and decreed, that the peremptory *mandamus* issue as prayed for, requiring the Honorable the Judge of the Fifth District Court of New Orleans to allow an appeal, and to permit the same to be carried to this court, and to proceed, notwithstanding the order of 21st of March, rescinding the same.

VOORHIES, J., absent.