PONDER, Justice.
The plaintiff-appellee has moved to dismiss the appeal alleging that the parties litigant had agreed to abide by the judgment of the district court.
The appellant transferred to the appellee certain property on the lakefront, contingent upon the appellee securing proper financing. The appellee was unable to secure the financing and by agreement the property was deeded back to the appellant but the appellant retained $6,559.24 that had been paid by the appellee which appellant claimed was due for interest on the mortgage notes issued as part of the purchase price and for taxes. The appellee reserved its right to assert its claim for a refund before signing the deed transferring the property back to the appellant. A contract was entered into between the parties on the date this deed was signed which provided :
“The aforesaid sums, totaling $8,-337.86, have been and are .being withheld, in escrow, by the said Orleans Levee Board until such time as a definitive judgment in a Court of original jurisdiction orders the payment or reimbursement of said sum or sums to said South Lake Realty Corporation, íjí 5}C Jjc >f
A suit was filed by the appellee in the district court and there was judgment rendered therein ordering the appellant to return the money withheld to the appellee. The appellant took a suspensive appeal to this Court. The appellee invoked a rule in the district court seeking to recall and rescind the order granting the appeal but the district court declined to hear the rule stating that it was divested of jurisdiction after the appeal was granted.
The appellee has moved to dismiss the appeal alleging that by virtue of the contract the appellant has waived any right to an appeal when it agreed to abide by the judgment of the district court.
In opposition to this motion, the appellant avers that the money was to be refunded or retained upon the rendition of a definitive judgment and there was no explanation in the agreement as to what the parties meant by a definitive judgment. It also avers that being a public board it had no *9 authority to waive the right of appeal and that to permit such would be against public policy.
The contract entered into between the parties provides that the money would be withheld until such time as a definitive judgment in a court of original jurisdiction orders the payment or reimbursement of this sum or sums. Under Article 539 of the Code of Practice, a definitive or final judgment is a judgment that decides all the points in controversy between the parties. Whenever a suspensive appeal is taken from a judgment, it is not final until a final decision is handed down by an appellate court. Article 575 of the Code of Practice.
In view of the express language of the contract, there has been no waiver of the right of appeal. The law favors an appeal and unless it is expressly waived, wherever the parties have the right to waive an appeal, the appeal must be sustained.
For the reasons assigned, the motion to dismiss the appeal is denied at appellee’s cost.