# Cox *v.* Cox

No. 40991 January 19, 1959 108 So. 2d 422

*Brewer & Brewer,* Clarksdale, for appellant.

*Talbot, Sullivan & Dunbar,* Clarksdale; *Gordon & Kendall,* Jackson, for appellee.

ETHRIDGE, J.

 ██ The issues are: (1) whether in a divorce action brought in Mississippi by the husband, who established the necessary legal residence, and on personal service of process on the defendant wife, the trial court should have sustained defendant's motion to dismiss for lack of jurisdiction, on the ground that there was a then pending divorce action by the husband in Pennsylvania based on a different ground of divorce, and (2) whether a temporary custody order of a Pennsylvania court precluded the Mississippi court from awarding custody of their minor child to the husband.

On February 9, 1957 Ralph Cox, Jr., the appellee, filed a bill for divorce in the Chancery Court, Second Judicial District of Bolivar County, Mississippi, against his wife, appellant, Lorraine M. Cox. He also prayed for custody of their five year old daughter, who for over a year had been living with her father in Bolivar County, Mississippi. The defendant was personally served with process in Bolivar County. The ground for divorce was adultery. On the merits of the proceedings, the defendant filed no answer and offered no witnesses. The undisputed testimony reflected the correctness of the charges in the bill. The final decree of the Chancery Court of May 29, 1957 so adjudicated, awarded to complainant a divorce and

permanent custody of their minor daughter, Maureen Cox. So there is no factual issue on the merits. And the decree was based upon personal service of process upon the defendant.

On this appeal, appellant's contention is that the trial court erred in overruling her motion to dismiss the action for lack of jurisdiction. That motion recited that defendant was appearing solely for the purpose of raising the jurisdictional issue. It was contended that the chancery court had no jurisdiction because of a pending divorce action brought by appellee several years prior thereto in the Court of Common Pleas of Allegheny County, Pennsylvania. The motion did not have attached to it authenticated copies of the records in that proceeding, but referred to such records which were incorporated in the record in Cause No. 40,771 of this Court, Cox v. Cox, 102 So. 2d 799, decided May 19, 1958. Appellee contends that the motion to dismiss is insufficient on its face, because it does not have attached to it as exhibits authenticated copies of the Pennsylvania proceedings. Appellant says, in effect, that the motion to dismiss incorporated the same by reference to the earlier lawsuit between the parties, which originated in the Chancery Court of Coahoma County; and because counsel for both sides had an oral agreement that the Pennsylvania proceedings as set forth in the other record should be considered on this motion to dismiss.

We do not need to decide this pleading issue concerning sufficiency of the motion to dismiss, since we have concluded that the facts which are established authorized the chancery court to refuse to dismiss or stay suit because of the then pendency of the Pennsylvania proceedings.

On October 31, 1955 Ralph Cox, Jr. moved to Clarksdale, Mississippi, and five days later brought suit in the Chancery Court of Coahoma County for the sole purpose of obtaining an adjudication for the custody of his child.

Lorraine Cox in that action filed a motion to dismiss for lack of jurisdiction, asserting the court had no jurisdiction because the suit was solely one for child custody, and because of a pending divorce action in Pennsylvania. The Chancery Court of Coahoma County overruled that motion, and awarded custody of Maureen to her father. On appeal, in 102 So. 2d 799, we held that in Mississippi the custody of a child can only be determined in suits for divorce or separate maintenance, or on habeas corpus; and that no remedy exists to adjudicate custody alone. That decision followed a well-established rule in Mississippi. That was all which was necessary to be decided in reversing the chancery court and rendering judgment for Mrs. Cox in that child custody case. However, the opinion additionally noted that there was a pending divorce proceeding in Pennsylvania, in which the parties had agreed upon a consent order giving temporary custody of the child to Mrs. Cox; and it was said that "even under the rule of comity", the Chancery Court of Coahoma County should have declined jurisdiction. This latter statement as to comity was not necessary to that decision, and for that as well as other reasons is not controlling in this case.

Moreover, the circumstances in the instant case are entirely different from those in the original child custody case. There Ralph Cox, Jr. within five days after he had moved to Mississippi filed his bill for custody. Here he has filed a suit for divorce, and supplementary to it for custody of Maureen, after having first established, as the trial court found, that he had been a resident citizen of Bolivar County for more than one year preceding the filing of his bill for divorce. Personal process was had upon the defendant.

Moreover, the Pennsylvania divorce suit had been pending since November 1953, with no final decree having been rendered at the time of the hearing in this case in May, 1957. It appears that Ralph Cox, Jr., was denied

a divorce by the Pennsylvania court on January 28, 1958, after the final decree in this cause. See Cox v. Cox, 144 A. 2d 458 (Pa. 1958). Furthermore, the grounds for divorce in that action, "indignities and cruel and barbarous treatment," were different from the basis of this divorce action, adultery. The events pertinent to the charge of adultery occurred subsequent to the filing of the suit in Pennsylvania. See Commonwealth of Pa. ex rel. Cox v. Cox, 137 A. 2d 779 (Pa. 1958).

In brief, at the time of the trial of the divorce action brought by appellee in the Chancery Court of Bolivar County, there was a pending but undecided divorce proceeding in Pennsylvania which had been in process of litigation for about 3½ years. Appellee established an adequate legal residence in Mississippi, bought a home here, and he and his parents were caring for his daughter. The trial court was amply warranted, considering all of these circumstances, in refusing to apply the doctrine of comity. ■■■ It is well-established that the pendency of an action for divorce in another state is not a bar, nor a cause for a stay of proceedings, in a similar action between the same parties in the state, where jurisdiction of defendant is obtained by personal service of process. 27 C. J. S., Divorce, Sec. 99; 1 C. J. S., Abatement and Revival, Sec. 75; 1 Am. Jur., Abatement and Revival, Sec. 39. ■■■ A stay is not a matter of right, but rests within the sound discretion of the court. 1 C. J. S., Actions, Sec. 133(c); see Streckfus Steamers v. Kiersky, 174 Miss. 125, 141, 163 So. 830 (1935).

■■■ Moreover, even if the divorce had been denied by the Pennsylvania court prior to the decree of the Chancery Court of Coahoma County, Mississippi, it was on an entirely different ground for divorce and involved different facts. Those pertinent to the Mississippi suit occurred subsequent to the filing of the Pennsylvania action. A judgment is not res judicata where the issues

in the two suits are entirely different. 27 C. J. S., Divorce, Sec. 326; 17 Am. Jur., Divorce, Sec. 544.

The order of the Pennsylvania court for temporary custody of the child was subject to change, and, since appellee and his daughter established legal residences in Mississippi, this Court had jurisdiction in May, 1957 to determine the right to her custody. A judgment has no constitutional claim to a more conclusive or final effect in the state of the forum than it has in the state where rendered; and, therefore, the award of temporary custody by Pennsylvania has no constitutional claim under the full faith and credit clause of the Federal Constitution to final and conclusive effect in the state of the forum. Latham v. Latham, 223 Miss. 263, 272-273, 78 So. 2d 147 (1955).

*Roberds, P. J.,* and *Hall, Arrington,* and *Gillespie, JJ.,* concur.