430 So.2d 169 (1983)
STATE of Louisiana In the Interest of David Andrew JONES, Plaintiff-Appellee,
v.
Luther S. JONES, Natural Father, Defendant-Appellant.
No. 15263-CAJ.
Court of Appeal of Louisiana, Second Circuit.
March 28, 1983.
*170 E. Rudolph McIntyre, Jr., Asst. Dist. Atty., Winnsboro, for State.
Traylor & Kramer by Chet D. Traylor, Winnsboro, for plaintiff-appellee.
Moore & Walters by Keith B. Nordyke, Baton Rouge, for defendant-appellant.
Before MARVIN, JASPER E. JONES and FRED W. JONES, Jr., JJ.
JASPER E. JONES, Judge.
This is a custody contest between a parent and non-parents of the child. The plaintiff is Luther Jones, the father of David Jones, the child who is the subject of this dispute. The defendants are Huey and Pat Johnson, David's aunt and uncle.[1] The plaintiff appeals a judgment awarding custody to the Johnsons.
The rules applicable to custody disputes between parents and non-parents are established in the jurisprudence.
A parent enjoys a paramount right to the custody of his child as against a non-parent. Burt v. McKee, 384 So.2d 489 (La.App. 2d Cir.1980). It is usually in the best interest of a child for custody to be vested in his natural parent. Snell v. Snell, 361 So.2d 936 (La.App.2d Cir.1978), writ refused, 363 So.2d 536 (La.1978).
In a custody contest between a parent and non-parents, the parent's right to custody is superior unless the record affirmatively establishes the parent's unfitness or forfeiture of parental rights. Wood v. Beard, 290 So.2d 675 (La.1974); Burt v. McKee.
Unfitness or a forfeiture of parental rights must be expressly determined and supported by convincing proof. Hall v. Hall, 367 So.2d 162 (La.App. 2d Cir.1979); LaPointe v. Menard, 412 So.2d 223 (La. App.3d Cir.1982). The burden of proving the unfitness of or forfeiture of rights by the parent is on the non-parent. Jones v. Jones, 415 So.2d 300 (La.App.2d Cir.1982); Litton v. Lewis, 409 So.2d 1254 (La.App.2d Cir.1982).
The issue here is whether the Johnsons have shown by convincing proof that Luther Jones is unfit or has otherwise forfeited his parental rights. We conclude that it has not been shown by convincing proof or otherwise that Luther Jones is unfit or has forfeited his parental rights and reverse.
The record shows that on November 14, 1980, after the death of his wife, Luther Jones voluntarily relinquished custody of David and requested that the Johnsons be given custody. An order to that effect was signed on November 17, 1980. This voluntary relinquishment of custody by Luther Jones does not prevent him from exercising his parental rights. Dillon v. State, 336 So.2d 1066 (La.App.2d Cir.1976).
On February 25, 1982, Luther Jones commenced this summary proceeding to regain custody of his son. The Johnsons opposed the action. Jones and the Johnsons stipulated that this matter be decided on the basis of "home studies" prepared by the D.H.H.R.
*171 The district judge considered the reports and rendered judgment granting custody of David to the Johnsons. This appeal followed.
The appellees argue that, because of the stipulation that the case be decided on the reports prepared by the D.H.H.R., the plaintiff is bound by the decision of the trial court. We disagree.
Appeals are favored and any waiver of appeal must be expressly made. South Lake Realty Corp. v. Board of Levee Com'rs, 234 La. 6, 99 So.2d 2 (1958). Submission of a case to be decided on reports is not sufficient to waive the right of appeal. Cordeviolle & LaCroix v. Judge of the Fifth District Court, 14 La.Ann. 323 (1859).
We have thoroughly reviewed the reports prepared by the D.H.H.R. Because of the confidential nature of these reports we will not discuss them in detail. However, we note that the reports fall far short of establishing a basis for a finding of unfitness or a forfeiture of parental rights by appellant. Indeed, even had the reports contained some basis for such a finding we entertain grave doubts as to whether such reports, standing alone, could fulfill the requirement of convincing proof.
The district judge did not find that Luther Jones was an unfit parent or that he had forfeited his parental rights and this record would not support such a finding. Under these circumstances the appellant, as the father of the child, has a superior right of custody and must prevail in a contest with non-parents such as the Johnsons. The district judge erred in awarding custody to the Johnsons.
The judgment is reversed and custody of the minor, David Jones, is awarded to his father, Luther S. Jones. All costs are taxed against Huey and Pat Johnson, appellees.
NOTES
[1] The Department of Health and Human Resources was also made a defendant. However, the Department took no role in the proceeding as a party and on appeal devotes its brief to arguing that it should not be a party to this proceeding.