481 So.2d 227 (1985)
Jeanette B. HILL
v.
Jesse B. HILL, Patsy Ruth Butler and L.B. Butler.
No. 56163.
Supreme Court of Mississippi.
November 13, 1985.
*228 Willie L. Rose, McComb, for appellant.
John H. White, McComb, for appellees.
Before ROY NOBLE LEE, P.J., and ROBERTSON and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
This is an interlocutory appeal from a finding that under Mississippi Code Annotated, Section 93-23-5 (1972), the Pike County Chancery Court had jurisdiction to modify a child custody order rendered by the State Court of Milwaukee County, Wisconsin, alleging that the children in question were wrongfully detained in the State of Mississippi.
The appellant Jeanette B. Hill and appellee Jesse B. Hill were separated in November 1979. The appellant and all appellees were Mississippi residents during this time. In June 1982, the appellant and her three minor children, (aged one, nine and ten), moved to Milwaukee, Wisconsin. Sometime during the first week of June or July 1983, two of the children were sent to Mississippi to stay with the appellant's parents, Patsy and L.B. Butler, the other appellees. The third child was sent some four weeks later. There is conflicting testimony as to whether the children were sent for a visit or to remain permanently. Beginning sometime in August, the appellant repeatedly requested return of her children; the appellees Patsy and L.B. Butler have continuously refused to do so.
In September 1983, while the children were still in Mississippi, the appellant filed for divorce and custody determination in Wisconsin. The petition was amended shortly thereafter to implead the appellant's parents, since they had physical custody of the children. The Wisconsin court issued a temporary order granting custody to the appellant in December 1983. In an effort to enforce the Wisconsin order, she had that order filed in the Chancery Court of Pike County, Mississippi, on February 17, 1984, with the appellees being duly served. The appellees, however, still refused to return the children. The appellant then filed a petition for contempt in Pike County in March 1984. The appellees subsequently filed an answer and cross petition asking the Pike County Chancery Court to modify the Wisconsin custody order and grant custody to them.
The Pike County hearing took place on July 27, 1984. By that time, the Wisconsin court, having found that it had jurisdiction, had granted the appellant a divorce and custody of the children.
At the hearing, the Pike County Chancellor held that the only factual issue to be determined would be whether or not the conduct of the appellees made it necessary for the Mississippi court to decline jurisdiction under the Uniform Child Custody Jurisdiction Act [UCCJA]. At the conclusion of the testimony, the chancellor found that the conduct of the parties did not require the court to decline jurisdiction.
The chancellor found that although the children had been in Mississippi since 1983 and thus, outside the jurisdiction of the Milwaukee court, the latter court nevertheless had the authority to adjudicate custody of the minor children, and its decree was entitled to full faith and credit. The chancellor proceeded to find that the Milwaukee county court does not now have jurisdiction under the provisions of MCA § 93-23-5 (1972) and the Pike County court had acquired jurisdiction to determine whether the Milwaukee judgment should be modified to change the custody of the children. *229 From this ruling the appellant presents the following assignments of error:
(1) The chancery court erred in ruling that it has jurisdiction to modify a custody order of the circuit court of Milwaukee County, Wisconsin, which gave appellant custody of her three minor children.
(2) The chancery court erred in finding that it was not barred from hearing the appellees' cross petition for modification where the facts show that appellees have wrongfully detained the appellant's minor children in Mississippi and are in defiance of a custody order entered by the circuit court of Milwaukee County, Wisconsin.
It is first necessary to determine whether or not the children's presence in the State of Mississippi is a factor affecting jurisdiction. Since the father takes no actual role in this dispute, the actual custody battle is between the natural mother and the maternal grandparents. The chancellor has held that the conduct of the appellees (grandparents) was not so improper as to prohibit application of the UCCJA. The chancellor, however, failed to rule directly on the critical issue of whether the children were wrongfully detained in violation of a valid court order.
The court below in its ruling recognized the right of the State of Wisconsin to determine the legal rights of the parties involved. Having so acknowledged the validity of the Wisconsin order, it is inconsistent not to consider the appellees' retention of the children in violation of that order as wrongful. Wisconsin was clearly established as the residence and home state of the children, and they had been gone from that state much less than six months when the appellant commenced her action.
The chancellor gave no reason for in effect depriving the natural mother of custody. Under the holdings of this Court, as well as the UCCJA, the appellant mother is entitled to custody of the children absent a showing of abandonment, or some unfitness that would justify emergency action necessary to protect the child. Turner v. Turner, 331 So.2d 903 (Miss. 1976); State of Louisiana in the Interest of David Andrew Jones v. Luther S. Jones, 430 So.2d 169 (La. App. 1983); Rodgers v. Rodgers, 274 So.2d 671 (Miss. 1973); MCA § 93-23-5(1)(c) (1972). There is no evidence of abandonment in the record in this case. On the contrary, the mother made repeated attempts to secure the return of her children. The record is also void of any showing other than the assertions of the opposite parties that the children would be subject to mistreatment, abuse or neglect upon their return to the appellant.
MCA §§ 93-23-15 and 93-23-5(1)(c) requires the court to decline jurisdiction where a child has been wrongfully detained within its jurisdiction unless the potential harm to the child outweighs the custodial misconduct. In the absence of such misconduct, application of the UCCJA to confer jurisdiction in a situation where the children have been illegally detained would be repugnant to its very purpose.
There has been no showing that the Wisconsin court would or should decline jurisdiction in the case. Where a court is asked to assume jurisdiction of a matter and has notice of a simultaneous proceeding in another state, we would encourage that court to proceed in accordance with UCCJA, MCA § 93-23-11 (1972). The relevant section provides that:
(2) Before hearing the petition in the custody proceeding the court shall examine the pleadings and other information supplied by the parties under section 93-23-17 and shall consult the child custody registry established under section 93-23-31 concerning the pendency of proceedings with respect to the child in other states. If the court has reason to believe that proceedings may be pending in another state it shall direct an inquiry to the state court administrator or other appropriate official of the other state.
(3) If the court is informed during the course of the proceeding that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction, it shall stay *230 the proceeding and communicate with the court in which the other proceeding is pending to the end that the issue may be litigated in the more appropriate forum and that information be exchanged in accordance with sections 93-23-37 through 93-23-43. If a court of this state has made a custody decree before being informed of a pending proceeding in a court of another state, it shall immediately inform that court of the fact. If the court is informed that a proceeding was commenced in another state after it assumed jurisdiction, it shall likewise inform the other court to the end that the issues may be litigated in the more approrpriate forum.
Recently in Walker v. Luckey, 474 So.2d 608 (Miss. 1985) the parties, both Mississippi residents, were divorced with the mother receiving custody of the parties' minor child. The father later moved to Florida and the child was sent by the mother to live with him. After the child had lived with him in Florida for nearly two years, the father obtained modification of the prior order from a Florida court granting him custody. The mother subsequently refused to return the child at the end of his next visitation period, illegally detaining him in Mississippi. While holding him in this state in violation of the Florida order, she sought to invoke the jurisdiction of the Mississippi courts and to regain custody of the child. This court held that because of the wrongful detention of the child, Mississippi's courts must decline jurisdiction. We stated:
Mississippi has enacted the UCCJA (§§ 93-23-1, 93-23-47, Miss. Code Ann. (Supp. 1984)), and it became effective here on July 1, 1982. The act was designed to prevent the very behavior with which we have been confronted here; namely, the "Interstate Child" phenomenon where a custody decree is entered in one state, and a parent removes the child to another state, to have custody modified.
This holding would apply even more to the wrongful detention of the child by a non-parent who has no legal right to the child whatsoever. In an even later case, Siegel v. Alexander, 477 So.2d 1345 (Miss. 1985) the parties were divorced in Mississippi, with the mother being awarded custody of the two minor children. The mother and children subsequently moved to Texas and had been residents there for two years when the father, after a visitation period, retained the children in Mississippi in violation of the Mississippi decree, and sought modification of that order. This Court declined jurisdiction, finding that under the UCCJA, Texas was now the home state of the children and the more appropriate forum. We stated:
Retention of the child in violation of an existing, valid decree will not serve to confer jurisdiction where it otherwise would not exist. The act was designed in fact to counter such manipulation of laws to gain access to forums that are convenient for the petitioner, rather than those that serve the best interests of the child.
While it is obvious from the record that the grandparents acted out of love and concern for the children, the Courts still cannot sanction such conduct without sufficient reason. Although the grandparents did what they thought was right, they had no legal right to do what they thought.
It is the position of this Court that in cases such as this, if there has been a legal determination that one parent (grandparent in this case) seeks to circumvent (by illegal removal or retention) that legal determination by a court of another state, it cannot be done. (Owens v. Huffman, 481 So.2d 231 (Miss. 1985).)
For the reasons stated herein we find that the learned chancellor erred in finding that the conduct of the appellees was not so improper as to bar application of the UCCJA in order to secure jurisdiction in this matter. We find the detention of the children to be wrongful and that Mississippi courts must decline jurisdiction to hear the cross petition for modification. Further, we order compliance with the order rendered by the state court of Milwaukee County, Wisconsin.
REVERSED AND RENDERED.
*231 PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.