493 So.2d 961 (1986)
Clayton Ihnat BROWN
v.
Mary Darlene BROWN.
No. 56744.
Supreme Court of Mississippi.
August 27, 1986.
*962 David Oliver, Gulfport, for appellant.
Walter W. Dukes, William H. Pettey, Jr., Dukes, Dukes & Keating, Gulfport, for appellee.
Before ROY NOBLE LEE, P.J. and ROBERTSON and SULLIVAN, JJ.
ROBERTSON, Justice, for the Court:

I.
The matter of the dissolution of the marriage of the parties is pending before courts of competent jurisdiction in Mississippi and in California. Both parties have unqualifiedly been subjected to in personam jurisdiction in the courts of each state.
The question presented on this interlocutory appeal is whether the chancery court below abused its discretion when it stayed the Mississippi proceedings, pending outcome of the California action. We hold that it did not. We affirm and remand.

II.
Clayton Ihnat Brown and Mary Darlene Brown were married to each other in Oxnard, Calfornia, on October 12, 1968. They have one child, Robert Clayton Brown, born on July 29, 1971. Insofar as the record reflects, neither party had any contact with this state until Clayton Brown was assigned military duty on the Mississippi Gulf Coast. Mary Darlene Brown has remained in California.
The chronology of events is of importance here:
August 17, 1984: Clayton Brown files complaint for divorce against Mary Darlene Brown in the Chancery Court of Harrison County, Mississippi, First Judicial District. Insofar as the record reflects, no process was issued or served.
August 28, 1984: Mary Darlene Brown filed her complaint for divorce in the Superior Court of California, County of Ventura, naming Clayton Ihnat Brown as the defendant.
September 27, 1984: Clayton Brown entered his appearance in the California action and denied the allegations of Mary Darlene's complaint for divorce and claimed entitlement to a stay of proceedings by reason of the Soldiers and Sailor's Civil Relief Act of 1940, 50 U.S.C.App. § 513. Brown asserted that he was a member of the U.S. Armed Forces stationed at Gulfport, Mississippi.
September 28, 1984: The Superior Court for Ventura County entered an order for stay of the California proceedings.
October 17, 1984: Clayton Brown filed an amended complaint in the Chancery Court of Harrison County.
January 14, 1985: Mary Darlene Brown filed her answer in the Harrison County proceedings and moved that those proceedings be stayed pending the outcome of the California proceedings.
July 16, 1985: Mary Darlene Brown filed a motion to dismiss the Mississippi proceedings *963 for lack of jurisdiction, asserting that the jurisdiction of the California court preempted that of Mississippi.
In her original motion and answer filed January 14, 1985, Mary Darlene Brown had prayed for an order "staying the proceedings on the amended complaint" pending the California action. The motion to dismiss came on for hearing in the Chancery Court and on August 5, 1985, the court entered its order staying the Mississippi proceedings "pending a ruling by the Superior Court of California on the issues of divorce and child custody". In due course thereafter the Chancery Court entered an order allowing Clayton Brown an interlocutory appeal to this Court which has been accepted here. The propriety of the August 5, 1985, order is before us for review.

III.
First, a few basics.
The Chancery Court of Harrison County, Mississippi, First Judicial District, has subject matter jurisdiction of this action. This is so by reason of the well pleaded allegations of Clayton Brown's August 17, 1984 complaint which states a claim for divorce. Miss. Const. Art. 6, § 159(b) (1890); Miss. Code Ann. § 9-5-81 and 93-5-2 (1972 and Supp. 1985); see generally Lee v. Coahoma Opportunities, Inc., 485 So.2d 293, 294 (Miss. 1986); American Fire Insurance Co. v. Athens Stove Works, Inc., 481 So.2d 292, 296 (Miss. 1985); Luckett v. Mississippi Wood, Inc., 481 So.2d 288, 290 (Miss. 1985).
Second, the parties appear subject to in personam jurisdiction in the Chancery Court of Harrison County. Though the record contains no suggestion that process has been served upon Mary Darlene Brown, it does contain at least three pleadings she has filed in none of which does she object to in personam jurisdiction under Rule 12(b)(2), Miss.R.Civ.P. Lack of in personam jurisdiction being a matter that may be waived if not timely asserted, Rule 12(h)(1), Miss.R.Civ.P., that question is behind us.
The problem is that full subject matter and in personam jurisdiction of the matter respecting the dissolution of the marriage of the parties and custody of their child appears also to be vested in the Superior Court of Ventura County, California. While the subject matter jurisdiction of the Chancery Court of Harrison County was first invoked  August 17, 1984 as compared with August 28, 1984  it appears that the California court first acquired in personam jurisdiction, September 17, 1984, as compared with January 14, 1985.
That there is another action regarding the same subject matter pending in the courts of a sister state poses no jurisdictional obstacle to a court of this state of otherwise competent jurisdiction hearing and adjudging the matter in controversy. Kline v. Burke Construction Company, 260 U.S. 226, 232, 43 S.Ct. 79, 81, 67 L.Ed. 226, 231 (1922); Cuevas v. Cuevas, 191 So.2d 843, 847-48 (Miss. 1966); Cox v. Cox, 234 Miss. 885, 892, 108 So.2d 422, 424 (1959); Ex Parte Buck, 291 Ala. 689, 287 So.2d 441, 443 (1973). Cf. Streckfus Steamers, Inc. v. Kiersky, 174 Miss. 125, 141, 163 So. 830, 835 (1935). The question is not whether the Chancery Court has jurisdiction of this matter but how it should exercise such jurisdiction as it has.
Whether under these facts Mississippi should defer to California is a matter committed to the sound discretion of the Chancery Court, informed by the presence or absence of exigent circumstances, the legitimate needs and conveniences of the parties, and considerations of interstate comity and the need to avoid unseemly forum shopping. No one has suggested that there is any immediate threat to the best interest of the parties' fifteen year old son, a matter which if present would greatly influence our view of this case.
We are concerned that the California court has stayed its proceedings, apparently respecting Clayton Brown's rights under the Soldiers and Sailor's Civil Relief Act. 50 U.S.C.App. § 513. Of greater concern, *964 however, is Brown's conduct in invoking his rights as a serviceman by virtue of this Federal enactment in California while insisting upon the Chancery Court of Harrison County proceeding to hear the matter. The Chancery Court appears to have been of the view that Clayton Brown was engaged in a certain amount of gamesmanship, invoking the Soldiers and Sailors Civil Relief Act when it suited his convenience and waiving it when it did not. Clayton Brown is trifling with the courts in a manner we do not find endearing. Cf. Brown v. Brown, 450 So.2d 1083, 1084 (Miss. 1984).
By reason of the fact that the California court had first acquired in personam jurisdiction of the matter, the Chancery Court below stayed all proceedings before it "pending a ruling by the Superior Court of California on the issues of divorce and child custody". Contrary to the assertion made on behalf of Clayton Brown, the Chancery Court had inherent authority to enter such a stay, which Mary Darlene had requested in her Motion and Answer filed January 14, 1985. The Chancery Court fully appreciated all applicable jurisdictional principles and, in the exercise of its sound discretion, that court determined that the Mississippi proceedings should be stayed. Finding no basis for concluding that the Chancery Court has abused its discretion, we affirm.
The case is remanded to the Chancery Court for such further proceedings, if any, as may be appropriate.[1]
AFFIRMED
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] Two additional matters require note.

First, the record reflects that Clayton Brown is a member of the U.S. Armed Forces. As no evidentiary hearing has been held, the matter of whether the residency requirements of Miss. Code.Ann. § 93-5-5(a) (Supp. 1985) have been met may not be ascertained with confidence. As the point is not the subject of an assignment of error, we assume, without prejudice, that the chancellor satisfied himself that he had authority to proceed past this threshold inquiry.
Second, the record before us is sufficiently incomplete that we cannot with confidence determine the implications for future proceedings in this case arising from the Uniform Child Custody Jurisdiction Act. Miss. Code Ann. §§ 93-23-1, et seq. (Supp. 1985). As indicated above, the parties have a fifteen year old son. Jurisdiction to adjudicate custody of that child shall be determined by reference to the UCCJA, notwithstanding anything said above.