541 So.2d 457 (1989)
Linda CASTLEBERRY
v.
William Hayden CASTLEBERRY.
No. 58414.
Supreme Court of Mississippi.
March 15, 1989.
Gregory D. Keenum, Keenum & Keenum, Booneville, for appellant.
Billy N. Owen, Langston & Langston, Booneville, for appellee.
BEFORE HAWKINS, P.J., and PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:
The issue of this case addresses an emergency child custody modification of a Mississippi decree under the Uniform Child Custody Jurisdictional Act. The children had changed their home state residence to California with their mother since the original decree, but were visiting their Mississippi father when the petition was filed. This Court holds that the Mississippi Court had subject matter jurisdiction to hear the petition because of an emergency situation and affirm the Chancery Court order of Tishomingo County awarding temporary custody to the father.
It is from the finding of jurisdiction that Mrs. Castleberry appeals, citing as error the following:
(1) The trial court erred in holding that it had subject matter jurisdiction to determine the issue of custody of the parties' minor children; and
(2) The trial court erred in refusing to transfer this cause to the appropriate court in the State of California.

I.
Linda Castleberry and William Hayden Castleberry are the parents of two children, Robert Lee Castleberry, born December 1, 1975, and Anna Castleberry, born February 11, 1977. The parties lived in Mississippi at the time the Chancery Court of Tishomingo County, Mississippi entered the final divorce decree in October, 1978, which awarded Mrs. Castleberry custody of the two minor children.
Mrs. Castleberry and the children continued to live in Mississippi until July, 1983, at which time they moved to California. Mrs. Castleberry contends that Mr. Castleberry had limited contact with his children after the move. He contacted the children twice by mail and twice by telephone; he sent presents but did not visit the children.
The children were enrolled in California schools and doing well. Robert was in a program for gifted children and Anna was *458 eligible to start in the same program in the fall of 1986. The mother does not work outside the home, and supports herself and the children from the father's social security payments, aid to dependent children, food stamps and aid from California.
In July, 1986, Mr. Castleberry and his sister contacted Mrs. Castleberry to arrange for the children to visit Mississippi. Mrs. Castleberry contends she was told Mr. Castleberry was in bad health and had only a few months to live. Accordingly, she agreed to the visit for a month and the children were to return before August 3, 1986. Mr. Castleberry contends that his sister and her mother-in-law went to Los Angeles to visit the children, and brought the children back to Mississippi to spend the summer with their father.
Upon learning of the conditions in which the children had been living, on July 25, 1986, Mr. Castleberry filed a petition to modify the divorce decree and for custody to be given to him. In that complaint he alleged "a substantial change in circumstances which adversely affect the welfare of the children." Mrs. Castleberry filed an answer and a petition to transfer the case to California under the Uniform Child Custody Jurisdiction Act, which both California and Mississippi have adopted. A temporary decree giving Mr. Castleberry custody was entered on September 24, 1986.
On September 30, 1986, a complaint was filed in the California Circuit Court asking that California assume jurisdiction under the Uniform Custody Act. The California Court stayed that proceeding, deferring to the determination of jurisdiction by the Mississippi Court.
A hearing was held pursuant to Mr. Castleberry's petition on November 21, 1986, in Tishomingo County, Mississippi. At that time a brief, favorable report was submitted by the Department of Children's Services in California on its visit with Mrs. Castleberry. Letters from the children's teachers in California regarding their academic progress were also submitted.
A social worker from Mississippi testified favorably as to the children's environment with Mr. Castleberry. Dr. Mona Carlyle, a clinical psychologist, testified that she had conducted interviews with Mr. Castleberry and the children.
The children's teachers testified regarding their adjustment to their new school.
The Court will not detail the testimony of alleged emotional, physical, and other abuse and of alleged neglect, and the responses to that testimony, as the enumeration of these statements by this Court may be misconstrued on the hearing of the merits of the modification issue which is yet to be resolved. Suffice it to say that the chancellor was sufficiently supported by the record in his conclusion that an emergency situation existed and that it was necessary for the court to protect the children.
At the conclusion of the hearing, the chancellor found that his Court had personal and subject matter jurisdiction and denied Mrs. Castleberry's petition for removal of the cause to California and held that the motion to transfer the case to California would not be in the best interest of the children. The order of November 29, 1986, continued in full force and effect the temporary decree of September 24, 1986, giving Mr. Castleberry temporary custody, pending the modification hearing.

II.

Subject Matter Jurisdiction
Mississippi's Uniform Child Custody Jurisdictional Act (UCCJA) Miss. Code Ann. § 93-23-1 et seq. (Supp. 1988) jurisdictional requirements provide that:
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(a) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, *459 and a parent or person acting as parent continues to live in this state; or
(b) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one (1) contestant, have a significant connection with the state, and (ii) there is available in this state substantial evidence concerning the child's present or future case, protection, training and personal relationships; or
(c) The child is physically present in this state and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
(d) (i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (a), (b) or (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.
(2) Except under paragraphs (c) and (d) of subsection (1) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
(3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
Miss. Code Ann. § 93-23-5 (Supp. 1988) (Emphasis added).
In Walters v. Walters, 519 So.2d 427 (Miss. 1988) this Court held that the UCCJA applies to interstate custody disputes for purposes of determining subject matter jurisdiction. Owens, By and Through Mosley v. Huffman, 481 So.2d 231 (Miss. 1985).
In this case we have a Mississippi custody decree being challenged by a Mississippi resident by his filing of a petition in this state. The petition alleged an emergency to protect children from abuse. At the time of the filing, no out-of-state proceedings were pending. In addition, the children were present in Mississippi for a vacation visit at the time of the petition's filing. These factual allegations squarely place the case under Miss. Code Ann. § 93-23-5(1)(c).
The testimony of Dr. Mona Carlyle placed enough information before the trial court regarding the alleged mistreatment and abuse of the children for the court to decide that it was in the children's best interest for it to assume subject matter jurisdiction. As stated in her report, the children, in the custody of their mother, had suffered from physical abuse, emotional abuse and neglect, neglect in regard to food, clothes, social activity, a sense of protection and safety and security, and deprived of just about all that constitutes a normal and well adjusted childhood. This testimony supports the requirements for subject matter jurisdiction in Miss. Code Ann. § 93-23-5(1)(c) where a court is permitted to act to protect a child in an emergency.
The mother's position in the subsequent filing of a petition in California is that California has now become the children's home state; therefore, she contends, under Miss. Code Ann. § 93-23-5(1)(a), the proper forum is California. There is no dispute of the fact that the Mississippi custody modification petition was pending when the mother filed in California to transfer the subject matter jurisdiction to California. As to the California court's disposition, the record only contains a statement of Mrs. Castleberry's counsel that "the [California] court has admittedly stayed that proceeding until [the Mississippi] court makes a determination to send the case back."
Miss. Code Ann. § 93-23-5(1)(d) (Supp. 1988) provides, in part, that Mississippi has jurisdiction if another state declined to exercise jurisdiction on the ground that Mississippi is the more appropriate forum. The Court cannot say from this representation by counsel that California has declined to exercise jurisdiction; however, we can say that the California Court stayed any proceedings pending a determination from the Mississippi Chancery Court.
*460 This Court's conclusion that Mississippi has subject matter jurisdiction is based on the emergency provision of § 93-23-5(1)(c) rather than the California Court's stay. The trial court, therefore, did not err when it found that it possessed subject matter jurisdiction.

III.

Transfer to the California State Court
Mrs. Castleberry contends the trial court should have declined to exercise jurisdiction because Mr. Castleberry wrongfully kept the children in Mississippi. Miss. Code Ann. § 93-23-15 (Supp. 1988) provides:
(1) If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct the court may decline to exercise jurisdiction if this is just and proper under the circumstances.
(2) Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody. If the petitioner has violated any other provision of a custody decree of another state the court may decline to exercise its jurisdiction if this is just and proper under the circumstances.
(3) In appropriate cases a court dismissing a petition under this section may charge the petitioner with necessary travel and other expenses, including attorneys' fees, incurred by other parties or their witnesses.
(Emphasis added).
This Court has held that trial courts must decline jurisdiction "where a child has been wrongfully detained within its jurisdiction unless the potential harm to the child outweighs the custodial misconduct." Laskosky v. Laskosky, 504 So.2d 726, 731 (Miss. 1987) (quoting Hill v. Hill, 481 So.2d 227, 229 (Miss. 1985)), (emphasis added).
The chancellor entered a temporary decree on September 24, 1986, wherein the children were temporarily placed in the custody of Mr. Castleberry pending the final disposition in this cause. The chancellor had considered enough information concerning this case at that time to know that this cause warranted extraordinary relief by placing temporary custody with the father. Mr. Castleberry, therefore, has not wrongfully retained the children; he retained the children under a valid temporary order.
In addition, the chancellor found that the motion to transfer this case back to the State of California would not be in the best interest of the children, and would in fact be "damaging to them beyond repair."
Mrs. Castleberry further contends the trial court should have declined to exercise jurisdiction because Mississippi is an inconvenient forum. Miss. Code Ann. § 93-23-13 provides:
(1) A court which has jurisdiction under this chapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.
(2) A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a guardian ad litem or other representative of the child.
(3) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:
(a) If another state is or recently was the child's home state;
(b) If another state has a closer connection with the child and his family or with the child and one or more of the contestants;

*461 (c) If substantial evidence concerning the child's present or future care, protection, training and personal relationships is more readily available in another state;
(d) If the parties have agreed on another forum which is no less appropriate; and
(e) If the exercise of jurisdiction by a court of this state would contravene any of the provisions of this chapter.
(4) Before determining whether to decline or retain jurisdiction the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum will be available to the parties.
(5) If the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, it may dismiss the proceedings, or it may stay the proceedings upon condition that a custody proceeding be promptly commenced in another named state or upon any other conditions which may be just and proper, including the condition that a moving party stipulate his consent and submission to the jurisdiction of the other forum.
(6) The court may decline to exercise its jurisdiction under this chapter if a custody determination is incidental to an action for divorce or another proceeding while retaining jurisdiction over the divorce or other proceeding.
(7) If it appears to the court that it is clearly an inappropriate forum it may require the party who commenced the proceedings to pay, in addition to the costs of the proceedings in this state, necessary travel and other expenses, including attorneys' fees, incurred by other parties or their witnesses. Payment is to be made to the clerk of the court for remittance to the proper party.
(8) Upon dismissal or stay of proceedings under this section the court shall inform the court found to be the more appropriate forum of this fact or, if the court which would have jurisdiction in the other state is not certainly known, shall transmit the information to the court administrator or other appropriate official for forwarding to the appropriate court.
(9) Any communication received from another state informing this state of a finding of inconvenient forum because a court of this state is the more appropriate forum shall be filed in the custody registry of the appropriate court. Upon assuming jurisdiction the court of this state shall inform the original court of this fact.
In regards to forum, this Court stated in Brown v. Brown, 493 So.2d 961 (Miss. 1986):
That there is another action regarding the same subject matter pending in the courts of a sister state poses no jurisdictional obstacle to a court of this state of otherwise competent jurisdiction hearing and adjudging the matter in controversy. The question is not whether the Chancery Court has jurisdiction of this matter but how it should exercise such jurisdiction as it has.
Whether under these facts Mississippi should defer to California is a matter committed to the sound discretion of the Chancery Court, informed by the presence or absence of exigent circumstances, the legitimate needs and conveniences of the parties, and considerations of interstate comity and the need to avoid unseemly forum shopping.
Brown at 963 (citations omitted).
In this case, unlike Brown, evidence was presented demonstrating there is an immediate threat to the best interest of the parties' children. That evidence was sufficient for the trial court to refuse transfer of subject matter jurisdiction.
Finding no error in the chancellor's actions, this Court affirms his order assuming subject matter jurisdiction. The case is remanded for a hearing on the merits of the modification petition if such has not already been heard.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P. JJ., and ROBERTSON, SULLIVAN and PITTMAN, JJ., concur.
*462 ANDERSON, J., dissents without opinion.
BLASS, J., not participating.