559 So.2d 990 (1990)
Trina M. PITTMAN
v.
Willie Mae JONES.
No. 89-CA-1751.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1990.
Rehearing Denied May 17, 1990.
Writ Denied June 29, 1990.
*991 L. Kevin Coleman, Trapolin & Coleman, New Orleans, for appellant.
*992 Frank P. Tranchina, Jr., New Orleans, for appellee.
Before SCHOTT, C.J., and CIACCIO and WARD, JJ.
CIACCIO, Judge.
The issue in this appeal is whether the trial court correctly awarded custody of a minor child, Trina Latrice McBride, to her paternal aunt rather than to her biological mother. We affirm.
Trina McBride, the child of Willie Mae Jones and Robbie McBride, was born out of wedlock on July 30, 1976. At the time of the birth, Ms. Jones was sixteen years old and living with her mother. Robbie McBride is now deceased. In October of 1976, the child who was then approximately three months of age, was brought to the home of the paternal grandparents, Mr. and Mrs. McBride. Trina Pittman, the sister of Robbie McBride, was residing with their parents at the time. Based on an agreement between the parties, the child continued to reside in the McBride home.
In November, 1979 Trina Pittman married and moved from her parents' home, taking the minor child with her. From 1979 until the time of trial, the child continued to live with Ms. Pittman. Testimony at trial indicated that during the first couple of years, Ms. Jones visited the child regularly, but her visits then decreased to once or twice a year.
On August 17, 1988, Trina Pittman filed a Rule for Permanent Custody in Civil District Court, alleging that it was in the child's best interest that she be awarded custody. The trial court ordered mediation by the Children's Bureau of New Orleans. Jennifer Clesi, the social worker who conducted interviews with both Ms. Pittman and Ms. Jones, as well as with the child, issued a report which was introduced into evidence at trial. This report stated that removing the child from Mrs. Pittman's home where she had spent almost her entire life would be harmful to the child. After hearing all the testimony, the trial judge also spoke to the child in chambers.
On March 20, 1988 the trial court entered judgment in favor of the plaintiff, Trina Pittman, awarding her permanent custody of the minor child and granting reasonable visitation rights to Ms. Jones. In reasons for judgment, the court, applying the provisions of La.C.C. art. 146(B), found that the child had been in the physical custody of Trina Pittman for twelve years and that it would be detrimental to the child to award custody to the biological mother, Ms. Jones. The court found that Ms. Pittman provided a stable home to the child, and that it was in the child's best interest that she be in Ms. Pittman's custody. The court referred to the report of Ms. Clesi and noted that the minor child had expressed her wish to remain with Ms. Pittman and to have continued visitation with her mother. Willie Mae Jones now appeals arguing that the trial court erred in applying La.C.C. art. 146(B) to this action for permanent custody between a parent and a nonparent which does not arise from divorce or separation proceedings.
La.C.C. art. 146(B) provides:
Before the court makes any order awarding custody to a person or persons other than a parent without the consent of the parents, it shall make a finding that an award of custody to a parent would be detrimental to the child and the award to a nonparent is required to serve the best interest of the child. Allegations that parental custody would be detrimental to the child, other than a statement of that ultimate fact, shall not appear in the pleadings.
Article 146 was amended in 1982, and as amended, expands the jurisprudential rule set forth in Wood v. Beard, 290 So.2d 675 (La.1974) which required a finding that the parent is unable or unfit to provide a home for the child or a finding that the parent has forfeited their paramount parental rights before awarding custody to a nonparent, Boyett v. Boyett, 448 So.2d 819 (La.App. 2d Cir.1984). Presently an award of custody to someone other than a parent can be made if it is found that awarding custody to the parent would be detrimental to the child and that the award *993 to the nonparent is required to serve the child's best interest. Boyett, supra.
Article 146 is contained in Book I, Chapter 3, of the Civil Code entitled "Of the Provisional Proceedings to Which a Suit for Separation or Divorce May Give Occasion." Article 146 is entitled "Custody of children pending the litigation," and by its own terms arguably would not include a custody dispute such as this, which is not incidental to divorce or judicial separation of the parents. However, in similar factual situations appellate courts have found article 146(B) to be useful as a guideline or directly applicable. Hughes v. McKenzie, 539 So.2d 965 (La.App. 2nd Cir.1989); Pounders v. Rouse, 528 So.2d 672 (La.App. 2d Cir.1988); McManus v. McManus; 528 So.2d 696 (La.App. 2d Cir.1988); Diggs v. Tyler, 525 So.2d 1263 (La.App. 1st Cir. 1988); In re Bourg, 501 So.2d 862 (La.App. 5th Cir.1987).
The Civil Code does not contain a provision which is directly applicable to the present custody dispute where the biological mother and the paternal aunt, a nonparent, each seek permanent custody. It is reasonable to assume that the Legislature intended to provide for this custody dispute by these standards which place a greater emphasis on the welfare of the child. We conclude that the standard set forth in article 146(B) is applicable to the present situation wherein a nonparent with whom the child has lived for a twelve year period seeks permanent custody from the biological mother. We do not intend this holding to extend to all disputes for permanent custody between nonparents and parents which are not incidental to divorce or separation proceedings. However, under the law as it currently exists, we conclude that the trial judge correctly applied the standard set forth in article 146(B) to the dispute herein.
Appellant further argues that the trial court misapplied the standard as set forth by article 146(B) by equating "detrimental to the child" with "best interest of the child," thereby failing to make a specific finding of detriment.
In its reasons for judgment, the court stated:
The use of the word "detrimental" in LSA-C.C. Art. 146(B) enables the court to inquire into the best interest of the child. The trial court may consider many factors in a custody dispute between a parent and non-parent. The standard to be applied in such a case includes a determination by the Court as to whether awarding custody to the parent would be harmful to the child. Parker vs. Payton, 511 So.2d 868 (La.App. 4th Cir.1987); Bolding, supra.

We agree that under the provisions of Article 146(B), the trial court is required to make a specific finding of detriment before granting custody to a nonparent. "Detriment" in article 146(B) embraces a wide range of situations and allows the court the freedom to pursue the best interest of the child, Bolding v. Bolding, 532 So.2d 1199, 1202, 1203 (La.App. 2 Cir.1988). The terms "detrimental to the child" have been construed to mean that the child would suffer "substantial harm" if returned to the parent. Merritt v. Merritt, 550 So.2d 882, 889 (La.App. 2 Cir. 1989); Hughes v. McKenzie, supra, 539 So.2d at 970.
In inquiring into the harm which potentially would be suffered by the child if returned to the natural mother, the trial court clearly applied the correct standard and made a determination that granting custody to Ms. Jones would be detrimental to the child. Based on the evidence of the prolonged length of time that Ms. Jones allowed the child to remain with Ms. Pittman, and on the sporadic contact Ms. Jones made with her daughter during this time, we cannot say this finding is clearly wrong. The trial judge had the opportunity to see and hear the witnesses and to evaluate their sincerity and credibility.
The report of the social worker indicated that it would be harmful to this twelve year old child to remove her from a home in which she has spent almost her entire life. Appellant argues that the separation and harm to the child would cause only a temporary, rather than permanent detriment *994 that would not rise to a level that would preclude awarding custody to the biological mother. However, the trial judge obviously concluded that the significant harm that the child would suffer upon being removed from the stability of Ms. Pittman's home after a prolonged parent-child separation provided compelling reasons for not awarding custody to her mother. We have carefully reviewed the record in this matter, and we cannot hold the trial judge manifestly erroneous in this conclusion.
Appellant next argues that the trial court erred by not requiring Ms. Pittman, a nonparent, to produce clear and convincing evidence to carry her burden of proof. We recognize the paramount rights of parents to the custody, care and control of their children, and that they may be deprived of that right only for compelling reasons. Wood v. Beard, supra. Further, we acknowledge these compelling reasons for depriving a natural parent of this fundamental right must be supported by clear and convincing evidence. Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); State in Interest of Jones v. Jones, 430 So.2d 169 (La.App. 2 Cir.1983).
The trial judge in the instant case found that Ms. Pittman had carried her burden of proof under article 146(B). We have no reason to believe that the trial court did not require Ms. Pittman to meet this burden by clear and convincing proof. On the contrary, the record plainly supports a finding that the evidence is clear and convincing that removing the child from a stable home where she had been reared almost since birth would be detrimental and that the child's best interests are served by awarding custody to Ms. Pittman. We find no error by the trial court in concluding that plaintiff had carried her burden in this case.
Appellant also argues that the trial court erred in finding that Ms. Pittman had physical custody of the child for twelve years. However, the record indicates that the child, who was twelve at the time of trial, was brought to live with Ms. Pittman's parents when the child was three months old. Ms. Pittman testified she cared for the child during this time and she took the child with her when she married three years later. Although there was testimony that the child was usually in the physical custody of the paternal grandparents or an aunt, the trial judge obviously believed Ms. Pittman's testimony that she had continuous custody of the child. We find no error, manifest or otherwise, in the ruling of the trial judge.
Finally, appellant argues that the trial court erred in failing to award joint custody or to specify overnight visitation by Ms. Jones. A trial judge is vested with a vast amount of discretion in making a determination of child custody, and that decision will not be overturned in the absence of a clear showing of abuse of that discretion. Parker v. Payton, 511 So.2d 868 (La.App. 4th Cir.1987). The trial court heard all of the testimony, including the feelings of both the mother and the aunt, considered all the factors including the report of the social worker, and clearly determined custody based on the best interests of the child.
It is clear from the record that placing custody of this child with her mother at this time would be detrimental to her. The mother relinquished care of her child to the McBrides when the child was three months old. Although she married and had two additional children, her visits and communication with her first child were minimal. The child is happy and secure in Ms. Pittman's home, and in fact it is the only home she has known. There is nothing in the record to indicate that joint custody would be in the best interest of the child; rather the record supports a finding to the contrary.
We find no abuse of the trial court's great discretion in the decision to award sole custody of the minor child to the paternal aunt with reasonable visitation to the mother. Accordingly, the judgment of the district court is affirmed at appellant's costs.
AFFIRMED.
WARD, J., concurs with reasons.
*995 WARD, Judge, concurring.
While I agree with the conclusion of the majority, I believe the Trial Court erred because there must first be a determination by the Trial Court that a natural parent is unfit. In this case, however, after thirteen years of sporadically visiting her daughter, I feel Jones has proved herself an unfit parent. I have no problem in deciding the Trial Court was correct in awarding permanent custody to the paternal aunt. The Louisiana Supreme Court has consistently held that trial courts have both jurisdiction and authority to award custody to a non-parent when there is clear and convincing proof that the natural parent is unfit.