LEE, J., for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On July 20, 2001, Joseph Sallis filed a complaint for divorce against Shirley Sal-lis in the Prentiss County Chancery Court. On September 4, 2001, the chancellor granted Joseph a divorce. On September 13, 2001, Shirley filed a motion to set aside the judgment claiming she was only served with a Rule 81 summons but not a Rule 4 summons, thereby failing to bestow jurisdiction upon the chancery court to grant the divorce. The chancellor granted Shirley’s motion to set aside, and Joseph filed another complaint for divorce to which Shirley responded with another motion to dismiss. The chancellor again granted the motion to dismiss finding that Joseph and Shirley separated while residing in Illinois and that Shirley had filed a complaint for divorce in Illinois; therefore, Illinois and not Mississippi had jurisdiction. Joseph filed a motion to set aside the order dismissing his complaint, but the chancellor denied the motion. Joseph now appeals to this Court arguing that the chancellor erred in dismissing his complaint when jurisdiction was clearly vested in the Mississippi chancery court. We review Joseph’s argument and find no merit; thus, we affirm.
DISCUSSION
I. DID THE MISSISSIPPI CHANCERY COURT HAVE JURISDICTION OVER THE DIVORCE SUCH THAT THE CHANCELLOR ERRED IN DISMISSING FOR LACK OF JURISDICTION?
¶ 2. Joseph lists three issues in his brief, but all three essentially concern whether the Mississippi court had jurisdiction; thus, we address all in this one discussion. The chancellor dismissed Joseph’s complaint for divorce based on lack of jurisdiction, and we review this question of law de novo. Kolikas v. Kolikas, 821 So.2d 874(¶ 14) (Miss.Ct.App.2002).
¶ 3. In dismissing Joseph’s complaint for divorce, the chancellor found that Shirley had previously filed a complaint for divorce in Illinois where the couple had separated; thus, Illinois had jurisdiction and was the proper forum. In his motion to set aside, Joseph claimed that he and Shirley actually separated while residing in Pennsylvania and that he had never been served with an Illinois complaint. Joseph also claims that by virtue of his residence in Mississippi six months prior to the filing of his complaint there, he met the jurisdictional requirements, and the chancellor erred in dismissing the complaint.
¶ 4. As indicated in the transcript from the hearing on Shirley’s motion to dismiss, her attorney explained to the court that the Sallises lived in Illinois through eighteen years of marriage, they separated while both were living in Illinois, Shirley was still a resident of Illinois, a complaint for divorce was filed in Illinois five months prior to Joseph’s filing the same in Mississippi, and therefore Illinois was more closely tied to the Sallises’s case than was Mississippi. After the hearing, the chancellor ruled that the parties separated while residing in Illinois and that Shirley had filed for divorce in Illinois, as well. Consequently, the chancellor found that jurisdiction inured to Illinois and no other proceedings could be held in Mississippi.
¶ 5. Joseph cites Cox v. Cox, 234 Miss. 885, 108 So.2d 422 (1959), for authority. In February 1957, Ralph Cox filed for divorce from his wife in Mississippi and also sought custody of their child. Id. at 889, 108 So.2d at 423. Lorraine Cox was served with the complaint, but declined to answer or offer witnesses, and a final order of divorce was entered in May 1957. Id. at 889-90, 108 So.2d at 423. Lorraine *826 filed a motion to dismiss based on jurisdiction, claiming a divorce action was pending in Pennsylvania where the couple previously resided, and alleging that Ralph filed the complaint in Mississippi solely for the purpose of gaining custody of their child. Id. at 890, 108 So.2d at 423. Ralph rebutted that the motion was insufficient on its face because it did not include authenticated copies of the Pennsylvania proceedings. Id. An action had, in fact, been filed in Pennsylvania in 1953, and a temporary order of custody entered, but the divorce had not been adjudicated at the time of the Mississippi action. Id. at 891,108 So.2d at 424. The supreme court stated:
It is well-established that the pendency of an action for divorce in another state is not a bar, nor a cause for a stay of proceedings, in a similar action between the same parties in the state, where jurisdiction of defendant is obtained by personal service of process. A stay is not a matter of right, but rests within the sound discretion of the court.
Id., at 892, 108 So.2d at 424 (citations omitted).
¶ 6. We read Cox in conjunction with the more recent case of Brown v. Brown, 493 So.2d 961 (Miss.1986), which Shirley cites. Clayton and Mary Brown married in California in 1968 and one child was born three years later. Id. at 2d 962. In 1984, Clayton filed for divorce in Harrison County, Mississippi, where he was stationed in the Air Force. Id. Nine days later, Mary filed for divorce in California, where she and the child remained. Id. The following month, Clayton appeared in California to request a stay on the California proceedings pursuant to the Soldiers and Sailor’s Civil Relief Act of 1940, 50 U.S.C.App. § 513, which the court granted. Id. Mary requested a stay in the proceedings pending the California action, which the chancellor granted, and the Mississippi Supreme Court affirmed. Id. at 964. The supreme court stated:
That there is another action regarding the same subject matter pending in the courts of a sister state poses no jurisdictional obstacle to a court of this state of otherwise competent jurisdiction hearing and adjudging the matter in controversy. The question is not whether the Chancery Court has jurisdiction of this matter but how it should exercise such jurisdiction as it has.
Whether under these facts Mississippi should defer to California is a matter committed to the sound discretion of the Chancery Court, informed by the presence or absence of exigent circumstances, the legitimate needs and conveniences of the parties, and considerations of interstate comity and the need to avoid unseemly forum shopping.
Id. at 963.
¶ 7. Both Cox and Brown state that the pendency of a case in one jurisdiction is not a necessary bar to the same action in another jurisdiction. Brown, 493 So.2d at 963; Cox, 234 Miss. at 892, 108 So.2d at 424. Additionally, Brown adds that the chancellor has discretion to decide which state will have jurisdiction over the matter at issue, taking into consideration the existence of any exigent circumstances, the parties’ needs, and consideration for comity and protection against forum shopping. Brown, 493 So.2d at 963. The chancellor heard oral arguments on the subject, and based on the evidence presented at that time he determined that Illinois was the proper forum. Whether or not Joseph was properly served in Illinois is a matter for contest in that jurisdiction. However, in our de novo review and pursuant to the rules from both Brown and Cox, we find dismissal of the Mississippi action under the circumstances was proper for the same reasons the chancellor found were cause *827 for dismissal. Accordingly, we affirm the chancellor.
¶ 8. THE JUDGMENT OF THE PRENTISS COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ, BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ„ CONCUR.